UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL McCutcheon,
    Petitioner,

V.

MICHAEL MOORE, SECRETARY FLA. D.O.C. AND,
ROBERT A. BUTTERWORTH, STATE ATTY. GENERAL
FOR THE STATE OF FLORIDA,
    Respondents.

Case No:

**00-6008
CIV-SEITZ**

MAGISTRATE JUDGE

MAGISTRATE JUDGE
SORRENTINO



MEMORANDUM OF LAW
IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2254

    COMES NOW, the Petitioner, Michael McCutcheon and respectfully moves this Honorable Court to accept this Memorandum of Law in support of his Petition for Writ of Habeas Corpus filed simultaneously herein.



## JURISDICTION

This Honorable Court has Jurisdiction to hear this Petition pursuant to 28 U.S.C. § 2254. This subsection of rule 28 shows that where an issue has been decided upon its merits, the written "Decision" or "Adequate written indicia" shall be construed as correct by the Federal Court. As the instant case did not receive a written appellate decision, but was only per curiam affirmed, it cannot be said it was denied on its merits.

Therefore, this Court does have Jurisdiction to issue the requested writ.

## TIMELINESS

This action is timely as it has been taken within the one (1) year period of limitation per 28 U.S.C. 2254.

Petitioner's appeal from the Judgment of Conviction and Sentence was finalized on May 27, 1998.

Petitioner's State Habeas Corpus Petition was finalized on August 18, 1998.

Petitioner's motion for post-conviction relief under Fla.R.Crim.P. rule 3.850 was denied on October 13, 1998.

Petitioner appealed the denial of 3.850 motion. The Fourth District Court of Appeal's mandate in this matter was issued on February 26, 1999, see exhibit "A", thus, Petitioner's time limitation for filing this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 expires on or about February 26, 2000.

This Petition is Timely Filed.

## EXHAUSTION

Petitioner has exhausted all available State remedies, and this claim is now ripe for Federal review.

## SUMMARY ARGUMENT

-As To Ground One-

The charging information filed in Broward County Circuit Court, Case No. 95-21915-CF10A, State of Florida vs. Michael McCutcheon, was fatally defective as to content in that the narrative allegation as to Count I is inconsistent with the statutory requirements for the charged offense of robbery with a firearm as described by F.S. 812.13 (2)(a) and 775.087(2),(L9).

## ARGUMENT

Count I of the information charges Petitioner with robbery(firearm) under F.S. 812.13(2)(a) and F.S. 775.087(2),(L9). The specific accusation of the alleged criminal activity upon which this charge is based fails to place Petitioner in either physical or constructive possession of a firearm. Lacking this specific element it is error to charge Petitioner under F.S. 812.13 (2)(a) and F.S. 775.087(2)(L9). Where this information was not amended in proper form or in a timely manner it was reversible error to prosecute Petitioner under this information.

By its failure to properly, specifically, and adequately present to Petitioner a definite and unwaivering accusation of the criminal activity for which must be prepared to defend

himself at trial, the charging authority failed to meet or satisfy the first essential criterion by which an indictment or information is to be tested, i.e., it failed to sufficiently apprise the Petitioner of what accusation he must be prepared to meet.see: <u>Bartell v. United States</u>, 227 U.S. 427, 433, 33 S.Ct. 383, 384, 57 L.ed. 583."An [information] not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him...is defective, although it may follow the language of the statute."see also <u>United States v. Simmons</u>, 96 U.S. 360, 362, 24 L.ed. 819.'in an [information] upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'and <u>United States v. Carll</u>, 105 U.S. 611, 612, 26 L.ed 1135.

    A later constructive amending of a defective or deficient indictment or information is a violation of a criminal defendant's guaranteed protections under the fifth amendment that he will be tried only on charges alleged in the charging document.see: <u>United States v. Arlen</u>, 947 F.2d 139, 144(5th Cir.1991), cert. denied, 503 U.S. 939, 112 S.Ct. 1480, 117 L.ed.2d. 623(1992)."A constructive amendment occurs when the trial court' through its instructions and facts it permits into evidence, allows proof of an essential element of a crime on an alternative basis permitted by the statute but not charged in the [information]."<u>Id</u>.(Quoting <u>United States v. Slovacek</u>,

867 F.2d 842, 847 (5th Cir.), cert. denied, 490 U.S. 1094, 109 S.Ct. 2441, 104 L.ed.2d. 997(1989)."Constructive amendments are reversible per se, as contrasted with variances between the indictment and proof that are evaluated under the harmless error doctrine".see also United States v. Chandler, 858 F.2d 257(5th Cir. 1988).

The charges of robbery(firearm) under Florida Statute 812.13(2)(a) and Florida Statute 775.087(2),(L9) as charged in Count I of the information, and robbery(without firearm) vary in one specific and essential element, i.e., the use or possession of a firearm during the commission of the offense. The stated allegation or proof of this singular, yet significant, element is crucial to the validity of the specific and definite accusation against a defendant and cannot be over looked or ignored when determining the sufficiency, accuracy, and validity of the charging document. "Where two theories of culpability are submitted to the jury, on correct, and the other incorrect, it is impossible to tell which theory of culpability the jury followed in reaching a general verdict."see: Mills v. United States, 164 U.S. 644, 17 S.Ct. 210, 41 L.ed 584; and Givens v. Housewright, 786 F.2d 1378, 1381(9th Cir. 1986).

It should also be recognized here that in addition to the defective charging document the court provided the Prosecution, via Jury Instructions on four lesser included offenses to F.S. 812.13(2)(a). with an ever-broadening range of theories by which to secure a conviction against Petitioner, none of which required the finding of the specific element needed for a conviction

under the statutes presented in Count I of the information, thus "Ambushing" the defense with new theories of culpability after the evidence had already been presented; permitting the jury to convict on theories which were neither subject to adversarial testing, nor defined in advance of the proceeding.

This Petitioner was denied a fair trial because the specific nature of the charges for which he could be found guilty were not adequately made known to him in a timely fashion. see: <u>Strickland v. Washington</u>, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.ed.2d. 674(1984) (A fair trial is "one in which evidence subject to adversarial testing is presented...for resolution of issues defined in advance of the proceeding").

This information is further defective in that it fails to allege or specify a time at which the incident had taken place or a specific location where it occurred. Merely providing that an incident occurred "on the 1st day of November, A.D. 1995", in Broward County, Florida lack sufficiency to adequately safe guard against the possibility of Petitioner being subject to another prosecution for the same offense. Again, later constructive amendment did not "fix" this critical and harmful error in the information. see: <u>Florida Rules of Criminal Procedure</u> rule 3.140(b),(d)(1),(d)(3), and (j).

## SUMMARY ARGUMENT

Trial counsel was ineffective in that he did not diligently or zealously contest Petitioner's being sentenced as an habitual felony offender.

## ARGUMENT

### -As to Ground Two-

Trial Counsel ignored and neglected his duty and obligation to Petitioner by allowing trial Court to declare Petitioner an Habitual Felony Offender(H.F.O.) without strenuously objecting to errors contained in defendant's Court ordered pre-sentence investigation(P.S.I.) and prepared guidelines sentencing scoresheet. As a direct result of counsel's inadequate defense on this subject Petitioner was denied due process guaranteed by the fourteenth amendment to the constitution.

Contrary to the Courts ruling in denying Petitioner's 3.850 motion for post-conviction relief, wherein it was the State's contention that "8". The allegation of a scoresheet error is harmless,..The[Petitioner] was sentenced as an Habitual Offender and not pursuant to the Guidelines.", scoresheet and/or P.S.I. error cannot be harmless when those documents are used to determine whether Habitual Offender Status can or should be applied in a specific case.

Defense Counsel was obligated to protect Petitioner from being sentenced as an H.F.O. if Petitioner did not meet the necessary requirements to place him in that category. Petitioner has a constitutional right to effective assistance of counsel

at sentencing.see: Wilson v. United States, 962 F.2d 996(11th Cir.1992). If Petitioner is sentenced as an H.F.O. based upon information which is false or materially incorrect it is a violation of his right to Due Process.see: United States v. Curran, 925 F.2d 59(1st Cir.1991); United States v. Pellerito, 918 F.2d 999(1st Cir.1990); and United States v. Mueller, 918 F.2d 336(5th Cir.1990). Counsel's failure to sufficiently challenge Petitioner's classification as an Habitual Felony Offender clearly constitutes ineffectiveness which resulted in Petitioner's being sentenced to a term of incarceration double the statutory maximum for the crime of which he was convicted and significantly longer than his correct guidelines sentence would have allowed. Had counsel properly challenged the imposition of H.F.O. status, the Petitioner could only have been sentenced in accordance with the guidelines or to a properly imposed departure sentence.

    Trail Counsel was also ineffective in not filing pre-trial motion to dismiss based upon the fatally defective information referred to in ground one of this Petition. The total combined lack of diligence or zealous effort by counsel prejudiced Petitioner at trial and at sentencing, thus denying him his constitutionally guaranteed right to a fair trial and effective assistance of counsel.

## GROUND THREE

Petitioner hereby waives ground three, (ineffective assistance of appellate counsel) and acknowledges it would be inappropriate to raise that issue in this Petition.

## SUMMARY ARGUMENT

-As to Ground Four-

Petitioner was denied his right to due process guaranteed under the fourteenth amendment of the United States Constitution when he was sentenced as an Habitual Felony Offender.

## ARGUMENT

The information relied upon in determining Petitioner's qualification to be sentence as an Habitual Felony Offender was materially incorrect, therefore, by imposing this or any sentence based upon this information Petitioner was denied his right to Due Process. see: United States v. Curran, 925 F.2d 59(1st Cir. 1991); United States v. Pellerito, 918 F.2d 999(1st Cir. 1990); and United States v. Mueller, 902 F.2d 336(5th Cir. 1990).

Petitioner argues that error in guidelines scoresheet is not harmless because he was sentenced under Florida's Habitual Offender Statutes. If any information, contained in any document, or presented in any manner, for the purpose of enhancing or enlargining a sentence and that information is not correct or factual, error has occurred and such error is not harmless where, as in the instant case, a sentence which

is double the statutory permitted limit or several times the permissive guidelines limit is imposed. Error also occurs when the Court fails to correct any such error or does not consider facts disputing the information is question. see: <u>United States v. Willard</u>, 909 F.2d 780(4th Cir.1980); <u>United States v. Day</u>, 949 F.2d 973(8th Cir.1991); and <u>Davis v. Bryan</u>, 889 F.2d 445(2nd Cir.1989). The information upon which the Court based its decision to declare Petitioner an Habitual Felony Offender should have been thoroughly and accurately investigated as to its accuracy, independent of the State's contention that it was true and correct. Failure to do so was infact harmfull, prejudicial, and a denial of Petitioner's right to due process.

**THEREFORE,** Petitioner respectfully requests this Court grant the relief sought, or any other relief it deems proper.

### RELIEF SOUGHT BY PETITIONER

1. Reverse Judgment of Conviction and Sentence and Order Petitioner's discharge.

2. Such other and further relief as this Court deems proper.

Respectfully submitted,

*Michael McCutcheon*
Michael McCutcheon
Petitioner, Pro se

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

*Michael McCutcheon*
Michael McCutcheon
Petitioner, Pro se

# M A N D A T E

from

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;
YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:             February 26 ,1999

CASE NO.:         98-3834

COUNTY OF ORIGIN: Broward

T.C. CASE NO.:    95-21915 CF10A

STYLE:            Michael McCutcheon v State



Marilyn Beuttenmuller, Clerk
District Court of Appeal
Fourth District

ORIGINAL TO:  Hon. Robert E. Lockwood, Clerk

cc:  Michael McCutcheon
     State Attorney #17
     Attorney General - W Palm Beach

/AL

EXIBIT :"A"
(MEMORANDUM PAGE 17 "A")