

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-CIV-SEITZ
MAGISTRATE JUDGE SORRENTINO

**MICHAEL McCUTCHEON,**

    Petitioner,

vs.                             **RESPONSE TO ORDER TO SHOW CAUSE**

**MICHAEL W. MOORE,**

    Respondent(s).

_____/

The Respondent, Michael W. Moore, Secretary of the Florida Department of Corrections, by and through undersigned counsel, hereby files this response to this Honorable Court's Order to show cause dated February 16, 2000, and for the reasons which follow, submits that the Petitioner is not entitled to federal habeas corpus relief pursuant to the provisions of 28 U.S.C. §2254.

## I.

## PRELIMINARY STATEMENT

The petitioner, Michael McCutcheon, is currently in the lawful custody of the Florida Department of Corrections pursuant to valid judgment of guilt for the crime of robbery entered by the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida ("the trial court").

An appendix is being filed simultaneously with this Response. Reference to the exhibits contained in the appendix will be designated by "Ex." followed by the appropriate letter and reference to page numbers of the exhibits will follow after the appropriate letter. References to the trial transcript, if any, will be designated by the Volume number with the page number following a

colon, i.e. (Ex. B; Vol. I:201-205).

## II.

## PROCEDURAL HISTORY

On January 9, 1996, the Petitioner was charged by information with robbery with a firearm (count 1), armed kidnapping (count 2), and aggravated battery (count 3). (Ex. A). Following a jury trial, Petitioner was found guilty of robbery, armed false imprisonment (a lesser included offense of armed kidnapping), and battery (a lesser included offense of aggravated battery). (Ex. B). On January 17, 1997, the Petitioner was sentenced as an habitual felony offender to concurrent terms of 30 years imprisonment as to counts 1 and 2. (Ex. C). As to the battery count, Petitioner was sentenced to time served. (Ex. D).

The Petitioner directly appealed to the Florida Fourth District Court of Appeal and filed his initial brief in case number 97-404 on August 19, 1997 in which he raised the following sole claim, *verbatim*:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF ARMED FALSE IMPRISONMENT.

(Ex. E). On November 13, 1997, the State filed its answer brief. (Ex. F). On May 27, 1998, in McCutcheon v. State, 711 So. 2d 1286 (Fla. 4th DCA 1998), the Fourth District reversed the Petitioner's conviction for armed false imprisonment. Following the denial of the State's motion for rehearing or clarification, the court's mandate issued on July 17, 1998. (Ex. G).

On July 9, 1998, the Petitioner filed a petition for a writ of habeas corpus in the Fourth District Court of Appeal, in which he claimed ineffective assistance of appellate counsel. (Ex. H). On August 18, 1998, the Fourth District Court of Appeal denied this habeas petition. (Ex. I).

In approximately August of 1998,[1] the Petitioner filed an unsworn and undated motion for post-conviction relief pursuant to rule 3.850, Fla. R. Crim. P., alleging the following as error, *verbatim*:

> Ground 1: The Court committed reversible error in denying motion for judgment of acquittal or arrest of judgment.
>
> Ground 2: Court committed reversible error in denying motion for judgment of acquittal or arrest of judgment.
>
> Ground 3: Attorneys, trial and appellate, failed to provide competent, effective assistance of counsel.
>
> Ground 4: There are two (2) errors on the sentencing guidelines scoresheet.

(Ex. J). The State filed a response to Petitioner's motion for postconviction relief, arguing that the motion was procedurally barred as unsworn under rule 3.850, Fla. R. Crim. P.. (Ex. K). On October 13, 1998, the Honorable Robert Carney, Circuit Court Judge, denied Petitioner's motion without an evidentiary hearing, adopting as grounds the reasons set forth in the State's response. (Ex. L).

Petitioner appealed the trial court's denial of his motion for postconviction relief to the Fourth District Court of Appeal. The Fourth District Court of Appeal per curiam affirmed the trial court's order without written opinion on August 18, 1999, with the Court's mandate issuing on October 22, 1999. (Ex. M). McCutcheon v. State, 729 So. 2d 938 (Fla. 4th DCA 1999) (table).

On December 28, 1999 Petitioner filed the instant petition for writ of habeas corpus, wherein he has raised the following four claims, *verbatim*:

---

[1] A search of Petitioner's file in the trial court clerk's office and a review of the computerized docket sheet has failed to reveal the date the postconviction motion was filed. However, given the fact that the trial judge entered an order on September 3, 1998, requiring the State to respond to the motion, the motion apparently was filed on or before that date.

3

1. Conviction obtained in violation of Due Process.

2. Denial of effective assistance of trial counsel.

3. Denial of effective assistance of appellate counsel. (Petitioner however waived this claim in his memorandum of law attached to the habeas petition.)

4. Denial of Due Process - Guidelines Scoresheet.

## III.

## EXHAUSTION OF STATE REMEDIES
## AND PROCEDURAL DEFAULT

Issues raised in a federal habeas corpus proceeding must have been fairly presented in the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Atkins v. Att'y Gen. Of Alabama, 932 F.2d 1430 (11th Cir. 1991); Hutchins v. Wainwright, 715 F.2d 512 (11th Cir. 1983). The requirement that state remedies be exhausted before a claim will be considered by the federal court is designed to reduce piecemeal litigation, protect the state courts' role in the enforcement of federal law, and prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). In Florida, as to claims not raised and exhausted on direct appeal or by state petition for writ of habeas corpus, the exhaustion of state remedies for purposes of federal habeas corpus relief usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial. Leonard v. Wainwright, 601 F. 2d 807 (5th Cir. 1979).

The grounds raised in this petition were raised in Petitioner's direct appeal or Rule 3.850 motion for post-conviction relief in state court. Therefore, these claims were fairly presented in the proper State forum and Respondent acknowledges that these claims have been sufficiently exhausted to warrant consideration on a petition for federal habeas corpus relief. Leonard v. Wainwright, 602

F.2d 807 (11th Cir. 1979); Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276 74 L.Ed.2d 3 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11th Cir 1983).

The above notwithstanding, a review of the trial court's order denying Petitioner's motion for postconviction relief and corresponding appeal therefrom, reveal that Petitioner's ineffective assistance of counsel claim in his petition is barred from federal habeas review since the trial court denied Petitioner's Rule 3.850 motion as being procedurally barred due to its unsworn nature, and the appellate court affirmed this denial without written opinion. (Ex. L, M). It is established that a state procedural default bars consideration of an issue on federal habeas review when (1) the last state court rendering a judgment on the issue in question "clearly and expressly" states that its judgment rests on a procedural bar. Harris v. Reed, 489 U.S. 225 (1989); or (2) there is a clear and unambiguous application of a bar by the trial court, followed by an unexplained affirmance on appeal. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Coleman v. Thompson, 501 U.S. 740 (1991); Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977); Harmon v. Barton, 894 F.2d 1268 (11th Cir. 1990). Moreover, since Petitioner has not demonstrated objective cause for the failure to properly raise this claim and actual prejudice resulting from the errors complained of, United States v. Frady, 456 U.S. 152, 168 (1982), his ineffective assistance claim is procedurally defaulted from federal habeas review.

## Procedural Bar For Untimely Filing Under 28 U.S.C. § 2244(d)

Petitioner's habeas petition is time barred due to the expiration of the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(1) of the Antiterrorism and Effective Death Penalty Act (AEDPA). Section 2244 (d) (1) provides in pertinent part:

(d)(1) A 1-year time period of limitation shall apply to an application

5

> for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
> ...
> * * *
> (2) The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2244. This Act is presumed to have become effective on April 24, 1996, the date it was enacted. Bailey v. Nagle, 101 F.3d 1565, 1568 (11th Cir. 1996); Hatch v. Oklahoma, 92 F.3d 1012, 1014 n.2 (10th Cir. 1996), citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Review of the record here indicates that Petitioner's robbery and battery convictions became final on July 17, 1998, when the Fourth District Court of Appeal issued its mandate following Petitioner's direct appeal. Although the running of the statute was tolled for approximately one (1) month during the pendency of Petitioner's state habeas petition, i.e., between July 14, 1998 and August 18, 1998, the limitation period ran unabated until December 28, 1999, when Petitioner filed the instant federal habeas petition.

Respondent submits that Petitioner's motion for postconviction relief filed in state court in about August of 1998 did *not* toll the running of the one-year limitation period, since this motion was not "under oath" as expressly required by rule 3.850(c), Fla. R. Crim. P. and, hence, not a "properly filed" application for collateral relief under §2244(d)(2). The Eleventh Circuit has held

that a "properly filed application" under the AEDPA is one submitted in accordance with the state's procedural requirements. See Weekley v. Moore, 2000 WL 217493 (11th Cir. Fla. Feb. 24, 2000) (state court motions for postconviction relief which were dismissed as successive petitions were not properly filed and did not toll statute of limitations); Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (state motion for postconviction relief is not "properly filed" when it fails to comply with state filing deadlines as applied by the state court); Lovascz v. Vaughn, 134 F.3d 146 (3d Cir. 1998); Holloway v. Corcoran, 980 F.Supp. 160, 162 (D. Maryland 1997); see also State v. Shearer, 628 So. 2d 1102 (Fla. 1993). Thus, since Petitioner's motion was not sworn, as procedurally required by rule 3.850(c), it did not satisfy the "properly filed" requirement of the AEDPA so as to toll the running of its limitation period.

In sum, since a period of over 16 months of non-tolled time ran prior to the filing of the instant habeas petition, it is clear that Petitioner's habeas petition is untimely as being well beyond the one-year time limit of 28 U.S.C. § 2244(d). This Court therefore need not consider the substance of Petitioner's claims because the petition is time barred.

## IV.
## ANSWER

The Respondent denies each and every one of Petitioner's allegations not admitted herein and demands strict proof and support thereof.

## V.

## MERITS

The Respondent will refrain from addressing the merits of the Petitioner's claims until after a ruling on the defense of the statute of limitations violation. See Sawyer v. Whitley, 505 U.S. 333,

112 S.Ct. 2514, 120 L.Ed. 2d 269 (1992); <u>Jones v. White</u>, 992 F.2d 1548 (11th Cir. 1993).  Should

this Court determine that an adjudication on the merits of the Petitioner's claims is appropriate,

Respondent reserves the right to fully brief the merits of these claims at that time.[2]

## VI.

## <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing authorities and arguments, the Respondent

respectfully requests this Court to dismiss the instant petition for writ of habeas corpus.

Respectfully submitted,

**ROBERT A. BUTTERWORTH**
Attorney General
Tallahassee, Florida

**DOUGLAS J. GLAID**
Assistant Attorney General
Florida Bar No. 0249475
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
(954) 712-4600
Fax - (954) 712-4761

---

[2] Respondent acknowledges this Court's request for a copy of the trial court transcript in this case.  However, due to the nature of the defenses raised in this response, which may well alleviate the need to address the Petitioner's claims on the merits, Respondent will refrain from transmitting this transcript pending review of the response and further order by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to Order to Show

Cause and attached Appendix was furnished by U.S. mail to Michael McCutcheon, DC#816168,

Hamilton Correctional Institution, P.O. Box 1360, Jasper, Florida 32052, on this 27th day of April,

2000.

_____
**DOUGLAS J. GLAID**
Assistant Attorney General

9