UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-CIV-SEITZ
MAGISTRATE JUDGE SORRENTINO

MICHAEL McCUTCHEON,

                Petitioner,

vs.

MICHAEL W. MOORE,

                Respondent.

_____/

## APPENDIX TO RESPONSE

#12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-CIV-SEITZ
MAGISTRATE JUDGE SORRENTINO

**MICHAEL McCUTCHEON,**

Petitioner,

vs.

**MICHAEL W. MOORE,**

Respondent.
_____/

## INDEX TO APPENDIX

Ex. A        Information

Ex. B        Verdicts

Ex. C        Judgment and sentence (counts 1 and 2)

Ex. D        Excerpt of sentencing hearing

Ex. E        Petitioner's initial brief

Ex. F        State's answer brief

Ex. G        Mandate

Ex H         Petition for writ of habeas corpus

Ex. I        Order denying petition for writ of habeas corpus

Ex. J        Motion for postconviction relief

Ex. K        State's response to motion for postconviction relief

Ex. L        Order denying motion for postconviction relief

Ex. M        Mandate

# EXHIBIT A

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, STATE OF FLORIDA

THE STATE OF FLORIDA                    INFORMATION FOR

     vs.

MICHAEL McCUTCHEON                      I. ROBBERY (FIREARM)
                                        II. ARMED KIDNAPPING
                                        III. AGGRAVATED BATTERY


IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **MICHAEL McCUTCHEON on the 1st day of November, A.D. 1995**, in the County and State aforesaid, did unlawfully take from the person or custody of Melissa Shires as employee of After Thoughts, certain property of the value of three hundred dollars ($300.00) or less, to-wit: money, with the intent to permanently or temporarily deprive Melissa Shires of a right to the property or a benefit therefrom, by the use of force, violence, assault or putting the said Melissa Shires in fear, and in the course thereof, there was carried a firearm, said firearm being in the possession of Melissa Shires, contrary to F.S. 812.13(2)(a) and F.S. 775.087(2),(L9),

**COUNT II**

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **MICHAEL McCUTCHEON on the 1st day of November, A.D. 1995**, in the County and State aforesaid, did unlawfully and forcibly, secretly, or by threat, confine, abduct or imprison Melissa Shires against her will and without lawful authority with intent to commit or facilitate commission of a felony, to-wit: Armed Robbery, and in the course thereof, he armed himself with a weapon, to-wit: a handgun, contrary to F.S. 787.01 and F.S. 775.087(1),(L10),

**COUNT III**

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **MICHAEL McCUTCHEON on the 1st day of November, A.D. 1995**, in the County and State aforesaid, did unlawfully and intentionally touch or strike Melissa Shires against her will with a deadly weapon, to-wit: a handgun used as a bludgeon, contrary to F.S. 784.045, (L7),

JRC/or/1/6/95

0

STATE OF FLORIDA vs.    **MICHAEL McCUTCHEON**                INFORMATION, Page 2
                        IDENTIFYING DATA
                        B/M, 7/26/69, 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

COUNTY OF BROWARD
STATE OF FLORIDA

                                                MARK A. HORN

     Personally appeared before me _____, duly
appointed as an Assistant State Attorney of the 17th Judicial Circuit of
Florida by MICHAEL J. SATZ, State Attorney of said Circuit and Prosecuting
Attorney for the State of Florida in the County of Broward, who being first
duly sworn, certifies and says that testimony has been received under oath
from the material witness or witnesses, for the offense(s), and the
allegations as set forth in the foregoing Information would constitute the
offense(s) charged, and that this prosecution is instituted in good faith.

                        _____
                        Assistant State Attorney, 17th Judicial Circuit of Florida

SWORN TO AND SUBSCRIBED before me this ___9___ day of ___Jan___, A.D. 19_96_.

          ROBERT E. LOCKWOOD

          Clerk of the Circuit Court, 17th Judicial Circuit,
          Broward County, Florida

          By _____
             Deputy Clerk

To the within Information, Defendant pleaded _____.

          ROBERT E. LOCKWOOD

          Clerk of the Circuit Court, 17th Judicial Circuit,
          Broward County, Florida

          By _____
             Deputy Clerk

                                                                    02

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 95-21915CF10A
JUDGE   : CARNEY

STATE OF FLORIDA,

    Plaintiff,

vs.                                    VERDICT

MICHAEL McCUTCHEON,

    Defendant.

_____//

COUNT I

WE, THE JURY, find as follows as to the Defendant in this case: (Check only one)

___✓___ A.   The Defendant is Guilty of Robbery.

_____ B.   The Defendant is Guilty of Attempted Robbery, a lesser included offense.

_____ C.   The Defendant is Guilty of Theft, a lesser included offense.

_____ D.   The Defendant is Guilty of Assault, a lesser included offense.

_____ E.   The Defendant is Not Guilty.

SO SAY WE ALL, this _16_ day of December, A.D. 1996, at Fort Lauderdale, Broward County, Florida.

_____
FOREPERSON

10

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 95-21915CF10A
JUDGE   : CARNEY

STATE OF FLORIDA,

    Plaintiff,

vs.                                    VERDICT

MICHAEL McCUTCHEON,

    Defendant.

_____//

COUNT II

WE, THE JURY, find as follows as to the Defendant in this case: (Check only one)

_____ A.  The Defendant is Guilty of Armed False Imprisonment with a weapon.

_____ B.  The Defendant is Guilty of False Imprisonment, a lesser included offense.

_____ C.  The Defendant is Not Guilty.

SO SAY WE ALL, this _16_ day of December, A.D. 1996, at Fort Lauderdale, Broward County, Florida.

FOREPERSON

101

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 95-21915CF10A
JUDGE   : CARNEY

STATE OF FLORIDA,

    Plaintiff,

vs.                                   VERDICT

MICHAEL McCUTCHEON,

    Defendant.

_____//

COUNT III

WE, THE JURY, find as follows as to the Defendant in this

case: (Check only one)

_____A.  The Defendant is Guilty of Aggravated Battery, as
charged in the Information

_____(i) The Defendant did carry a Firearm
_____(ii)The Defendant did carry a Deadly Weapon, other than a
    Firearm

__✓__B.  The Defendant is Guilty of Battery, a lesser included
offense.

_____C.  The Defendant is Not Guilty.

SO SAY WE ALL, this _16_ day of December, A.D. 1996, at Fort

Lauderdale, Broward County, Florida.

_____
FOREPERSON

105

# EXHIBIT C

17th Judicial Circuit in and for Broward County

**CLOCK IN**

DIVISION:
CRIMINAL

**JUDGEMENT** DIV: FX

97-055488   T#020
02-03-97   08:31AM

THE STATE OF FLORIDA VS:

MICHAEL McCutcheon

PLAINTIFF                    DEFENDANT

**CASE NUMBER**
9521915CF10

[ ] PROBATION VIOLATOR        STATE ATTORNEY    DAVID FRANKEL
( Check if Applicable )       COURT REPORTER    Amy Beausee / Michelle Russe

The Defendant, MICHAEL McCutcheon being personally before this Court represented
by: BRUCE SCHILLER , his attorney of record, and having:

(Check Applicable Provision)
[X] Been tried and found guilty of the following crime(s).
[ ] Entered a plea of guilty to the following crime(s).
[ ] Entered a plea of nolo contendere to the following crime(s). 25978F30702

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|-------|-------|---------------------------|-----------------|----------------------|
| I (L.I.O.) | Robbery | 812.013 | 2F | |
| II (L.I.O.) | Armed False Imprisonment | 78702 (c) | 2F | |
| III (L.I.O.) | Battery | 784.045 | 1M | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00)pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)    [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

Restitution to State    [ ] The defendant shall make payment of any debt due and owing to the State under section 960.17, 948.03 (1)(9) and 775.089, Florida Statutes. The amount of such debt shall not exceed $10,000 and has already been determined to be $ _____ or if not yet determined shall be determined by the Court at a later date upon final payment by the Crimes Compensation Trust Fund on behalf of the victim(s).

[ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence    [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld        on probation for a period of _____
                           under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred    [X] The Court hereby defers imposition of sentence until January 17, 1997 @ 1:30 pm
Until Later Date                                                          (Date)
(Check if Applicable)

[ ] Pay $200.00 Trust Fund pursuant to F.S.27.3455

The Defendant in Open Court was advised of his right to appeal from this Judgment by filling notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

108

COUNT(S) III : 406 DAYS BROWARD COUNTY JAIL W/CREDIT FOR 400 DAYS TIMES SERVED

FORM 180P074 REVISED 10/94                    PAGE 1 OF 2

| DIVISION CRIMINAL | [ ] **ADJUDICATION WITHHELD** [✓] **ADJUDICATED GUILTY** | CASE NUMBER<br><br>95219 1 SCF 10A |
|---|---|---|

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:

_____ Court Deputy

Name and Title

OFFICIAL ROBERT E. LOCK
U.S. COURT BROWARD, FLORIDA
COUNTY ADMINISTRATOR

I DONE AND ORDERED in Open Court at Broward County, Florida this _16_ day of _DEC_ 1996.
A.D., 19 _96_ I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the
Defendant _MICHAEL McCutcheon_, and that they were placed thereon by said Defendant in
my presence in Open Court this date.

_____
JUDGE
ROBERT

109

McCUTCHEON, MICHAEL

**CLOCK IN**

[ ] 17th Judicial Circuit . . . . or Broward County

| DIVISION: Criminal | as to Count ___I___ | **SENTENCE** | |

## THE STATE OF FLORIDA VS.

Michael McCutcheon

| PLAINTIFF | DEFENDANT |

**CASE NUMBER**

95-21915CF

The Defendant, being personally before this Court, accompanied by his attorney, _Bruce Schiller_ and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One) 
[X] and the Court having on ___12-16-96___ deferred imposition of sentence until this date.
[ ] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[ ] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:

The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.2

[X]    The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]    The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]    The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]    For a term of Natural Life.

[X]    For a term of _30 years_

[ ]    Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

_____ Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

_____ However, after serving a period of _____ imprisonment in the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

119

FORM 180F070
REVISED 9/93

| DIVISION: CRIMINAL | SENTENCE<br><br>( AS TO COUNT_____*I*'_____ ) | CASE NUMBER<br><br>*G5 - 21915CF* |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
## ( As to Count _____*I*_____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

FIREARM _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

DRUG TRAFFICKING _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

HABITUAL FELONY OFFENDER _____✓_____ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT OFFENDER _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

LAW ENFORCEMENT PROTECTION ACT _____ It is further ordered that the Defendant shall serve a minimum of_____ years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

VIOLENT CAREER CRIMINAL _____ The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court a set forth in a separate order or stated on the record in open court.

120

| DIVISION: CRIMINAL | SENTENCE<br><br>( AS TO COUNT_____*I*_____ ) | CASE NUMBER<br><br>95 - 21915CF |
|---|---|---|

## OTHER PROVISIONS

SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN
_____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

CONTINUING CRIMINAL ENTERPRISE
_____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

RETENTION OF JURISDICTION
_____ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

JAIL CREDIT
___✓___ It is further ordered that the defendant shall be allowed a total of __406__ days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT
_____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS
___✓___ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count __II__ of this case.

121

[ ] 17th Judicial Circuit ___ ___ or Broward County

**CLOCK IN**

**DIVISION:**
**Criminal**

as to Count

# SENTENCE

II

THE STATE OF FLORIDA VS.

*Michael   Mc Cutcheon*

**PLAINTIFF**                    **DEFENDANT**

**CASE NUMBER**

*95-21915 CF 10*

The Defendant, being personally before this Court, accompanied by his attorney, *Bruce Schiller*
and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters
in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One)
X and the Court having on ___*12-16-96*___ deferred imposition of sentence until this date.
[ ] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[ ] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked
the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:
The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

X        The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]        The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]        The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

          TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]        For a term of Natural Life.

X        For a term of ___*30    years*___

[ ]        Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in
          this Order.

If "split" sentence,
complete either
paragraph.

_____   Followed by a period of _____ on Probation/Community Control under the
          supervision of the Department of Correction according to the terms and conditions of
          supervision set forth in separate order entered herein.

_____   However, after serving a period of _____ imprisonment in

          the balance of such sentence shall be suspended and the defendant shall be placed on
          Probation/Community Control for a period of _____
          under supervision of the Department of Corrections according to the terms and conditions
          of Probation/Community Control set forth in a separate order entered herein.

FORM 180F070
REVISED 9/93

122

| DIVISION: CRIMINAL | SENTENCE<br>( AS TO COUNT_____ II_____ ) | CASE NUMBER<br>95 - 21915CF |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count _____ II _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

FIREARM _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

DRUG TRAFFICKING _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

HABITUAL FELONY OFFENDER _____✓_____ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT OFFENDER _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

LAW ENFORCEMENT PROTECTION ACT _____ It is further ordered that the Defendant shall serve a minimum of_____ years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

VIOLENT CAREER CRIMINAL _____ The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court a set forth in a separate order or stated on the record in open court.

123

*CORRECTed*

| DIVISION:<br>Criminal | **SENTENCE**<br>**(AS TO COUNT _____ II )** | CASE NO.<br>95-2191SCF1 |
|---|---|---|

OTHER PROVISIONS

RETENTION OF
JURISDICTION _____ The Court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

JAIL CREDIT _____ It is further ordered that the Defendant shall be allowed a total of _406_ days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT _____ It is further ordered that the Defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/
CONCURRENT AS
TO OTHER
COUNTS _____ It is further ordered that the sentence imposed by this count shall run _____ consecutive to ____ concurrent with (check one) the sentence set forth in count ____ of this case.

CONSECUTIVE/
CONCURRENT AS
TO OTHER
CONVICTIONS _____ It is further ordered that the composit term of all sentences imposed for the courts specified in this order shall run
_____ consecutive to _____ concurrent with (check one) the following:
_____ Any active sentence being served.
_____ Specific sentences: _____
_____
_____
_____

PSI ORDERED      YES [X]    NO [ ]      _____
In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____ _____
_____ _____
_____ _____
_____ _____

DONE AND ORDERED in Open Court at Broward County, Florida, this 29 day of January, 19 97

Miriam-Pro tunic

117

| DIVISION: CRIMINAL | SENTENCE ( AS TO COUNT_____ ) | CASE NUMBER 95- 21915CF10 |
|---|---|---|

## OTHER PROVISIONS

SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN
_____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

CONTINUING CRIMINAL ENTERPRISE
_____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

RETENTION OF JURISDICTION
_____ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

JAIL CREDIT
_____ It is further ordered that the defendant shall be allowed a total of_____ days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT
_____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS
_____ It is further ordered that the sentence imposed by this court shall run_____ consecutive to _____ concurrent with (check one) the sentence set forth in count_____ of this case.

CONSECUTIVE/ CONCURRENT AS TO OTHER CONVICTIONS
_____ It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run
_____ consecutive to _____ concurrent with (check one) the following:
_____ Any active sentence being served.
_____ Specific sentences:

_____
_____
_____

PSI ORDERED     YES [X]     NO [ ]
In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends_____
_____

**DONE AND ORDERED** in Open Court at Broward County, Florida, this____ day of_____, 19____

118

JUDGE _Carney_

# EXHIBIT D

```
 1              It was a forceful robbery with a

 2         choking and beating although identification

 3         was raised as an issue in this case, the

 4         Court's view the evidence was overcoming.

 5         It was indeed the Defendant to and including

 6         essentially his own family testifying to the

 7         Defendant on a fairly uninterrupted change

 8         of circumstances leading directly to the

 9         Defendant.

10              In addition to the identification, what

11         the Court sees is a continuing pattern of

12         criminal activity increasing violence at

13         this point resulting in a violent felony

14         with as I say in the Court's view gratuitous

15         violence thrown in.

16              The Court does feel that the Defendant

17         clearly meets the criteria as habitual

18         offender, that the protection of the public

19         is required by a sentence as habitual

20         offender.

21              It is the judgment and sentence of this

22         Court then as to Count I and Count II that

23         you be sentenced to 30 years in Florida

24         State Prison as habitual offender.  You get

25         credit for time served, credit towards that.
```

JUSTICE REPORTING SERVICE, INC.    (954) 523-6114

1    On Count III you will be given credit

2    for time served without further sentence you

3    have 30 days to appeal the judgment and

4    sentence of this Court.

5    Count I and Count II will run

6    concurrent with each other meaning at the

7    same time. Failure to appeal within 30 days

8    forfeits your right to do so.

9    Mr. Schiller, are you private?

10    MR. SCHILLER: I am private.

11    Respectfully at this time I have conversed

12    many times with my client regarding this

13    issue and I respectfully make an oritenis

14    motion to be discharged from the case.

15    THE COURT: At such time as the

16    appropriate appellate papers are perfected

17    if Mr. McCutcheon is seeking an appeal then

18    once the appellate papers are perfected if

19    you submit a request to withdraw, an

20    affidavit of indigency from your client

21    of --

22    MARY DUNCAN: Judge, I have to say

23    something just before you do this. Let me

24    say this just before you go through all this

25    with me, please. Let me say, Your Honor,

# EXHIBIT E

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

## FOURTH DISTRICT

MICHAEL McCUTCHEON )
)
       Appellant, )
)
vs. )    CASE NO. 97-0404
)
STATE OF FLORIDA, )
)
       Appellee. )
_____ )

RECEIVED
OFFICE OF THE
ATTORNEY GENERAL

AUG 29 1997

CRIMINAL OFFICE
WEST PALM BEACH

## INITIAL BRIEF OF APPELLANT

On Appeal from the Circuit Court
of the Seventeenth Judicial Circuit,
In and For Broward County, Florida
[Criminal Division].

RICHARD JORANDBY
Public Defender

ELLEN GRIFFIN
Assistant Public Defender
Florida Bar No. 511889
15th Judicial Circuit of Florida
Criminal Justice Building
421 Third Street/6th Floor
West Palm Beach, Florida 33401
(407) 355-7600

Attorney for Michael McCutcheon

*State's pleading (Brief) due September 8, 1997*

## CERTIFICATE OF INTERESTED PERSONS

Counsel for defendant/appellant Michael McCutcheon certifies that the following

persons and entities have or may have an interest in the outcome of this case.

1.   ROBERT BUTTERWORTH, ATTORNEY GENERAL
     (Attorney for State/Appellee)

2.   RICHARD L. JORANDBY, PUBLIC DEFENDER,
     FIFTEENTH JUDICIAL CIRCUIT by
     Ellen Griffin, Assistant Public Defender
     (Attorney for Defendant/Appellant)

3.   MICHAEL J. SATZ, STATE ATTORNEY
     SEVENTEENTH JUDICIAL CIRCUIT by
     David Frankel, Assistant State Attorney
     (Trial Attorney for Appellee/State)

4.   BRUCE·H. SCHILLER, ESQ.
     (Trial Attorney for Appellant/Defendant)

5.   MELISSA SHIRES
     (Victim)

6.   MICHAEL McCUTCHEON
     (Defendant/Appellant)

7.   HONORABLE ROBERT CARNEY, CIRCUIT COURT JUDGE
     SEVENTEENTH JUDICIAL CIRCUIT
     (Trial Judge)

i

## TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

AUTHORITIES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT

> **THE TRIAL COURT ERRED IN DENYING
> APPELLANT'S MOTION FOR JUDGEMENT OF
> ACQUITTAL ON THE CHARGE OF ARMED
> FALSE IMPRISONMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# AUTHORITIES CITED

CASES CITED                                                                    PAGE


Keller v. State, 586 So. 2d 1258
        (Fla. 5th DCA 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Nutter v. State, 679 So. 2d 1245
        (Fla. 5th DCA 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Perez v. State, 566 So. 2d 881
        (Fla. 3rd DCA 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rohan v. State, Case no. 96-1295 Fla. Law Weekly July 2, 1997 . . . . . . . . . . . . . . . . . . 9



FLORIDA STATUTES

        Section 787.02  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Appellant was the defendant and appellee the prosecution in the Criminal Division of the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida. In this brief the parties will be referred to as they appear before this Court.

The symbol "R" will denote the Record on Appeal.

The symbol "T" will denote the Transcript on Appeal.

## STATEMENT OF THE CASE

Appellant, Michael McCutcheon, was charged by information filed in the Seventeenth Judicial Circuit with one count each: robbery with a firearm; armed kidnaping; and aggravated battery (R. 1-2).

Appellant's motion to suppress lineup, showup and all pre-trial and in court identification by the victim was denied (R. 37-42, 94, T. 52).

Appellant's motion for judgment of acquittal as to the firearm portion of the robbery charge was granted and the jury was instructed as to strongarm robbery as the highest offense charged in count one (T. 494,559-601) [1]  Appellant's motion for judgement of acquittal as to armed kidnaping was granted and armed false imprisonment was the highest offense instructed on in count two (T.494, 604-605). Appellant was convicted of robbery, armed false imprisonment and simple battery (R. 103-105, T. 624-625).

The trial court declared appellant a habitual offender and imposed a sentence of thirty years in prison (R. 119-123, T. 659, 673-674).

Notice of appeal was timely filed and this appeal follows (R. 131-132).

---

[1]  The information alleged the firearm was in the possession of the victim, Melissa Shires (R. 1-2).

2

## STATEMENT OF THE FACTS

Melissa Shires was the manager of the Afterthoughts accessory store in the Hollywood Mall (T. 311). On November 1, 1995, she arrived for work at about 9:00 a.m. and opened the store for business around 10:00. Between 10:00 and 10:30 she had one customer (T. 311-312). She was the only employee and closed the shop while she went to the bathroom from approximately 10:30 to 10:45. Upon her return, she began work processing a new shipment and assisted one customer. She was at the back register when appellant entered the store. Shires spent ten minutes on the phone with a customer (T. 313-314).

Appellant approached the register and she asked if she could help him (T. 318). After replying no, appellant pushed his way behind the register and toward the stockroom door. The stockroom was only a few feet from the register (T. 319, 345-346). The door to the store remained open and if a customer had entered they would have heard the struggle (T. 347). Appellant told her he wanted the safe and pushed her into the stockroom where it was located. She told him there was no money in the safe. They began to struggle inside the stockroom. Appellant pushed her against the wall and held her while hitting her in the face with his right arm and the gun in his right hand (T. 319-320). She was screaming for help and he kept telling her to shut up. When appellant dropped the gun, Shires tried to run but he pinned her on the ground and began chocking her. When appellant released her, she opened the safe which contained a coin bag and a few watches (T. 323). They returned to

3

the cash register and she opened the drawer. Shires, who had kicked off her shoes, ran out of the store when appellant reached for the $150 in the cash drawer (T. 325). As she turned around, she saw appellant run out of the north end of the mall. She returned to the store and called 911 (T. 325).

Shires stated appellant was wearing a black T-shirt, black knee length shorts and black shoes and socks. The T shirt had a red and white design. He carried a small automatic or semiautomatic gun which she did not see till they were in the stock room (T. 321-322).

Karen Yapp was employed at the travel agency at the north end of the mall and her desk faced an outside window (T. 263-264). Early that afternoon she heard someone yell there had been a robbery. She looked outside her window and saw a young black male running to a white Maxima which was parked about 150 to 200 feet away (T. 269-271). She wrote down the license plate number of the Maxima and gave it to a customer to give to the security officer (T. 272). Ms. Yapp was not able to identify appellant as the person she saw run from the mall (T. 275).

Robert Betz was the security officer working at the mall that day. At about 11:15 to 11:30 he heard alot of noise and saw Shires whose face was swollen and bloody. He looked up and saw a black male running toward the north mall entrance. (T. 224-225). He saw the man, who he could not identify, get in a white Maxima parked at the fire lane and speed away (T. 225). A customer gave him a piece of paper with the car's license plate number on it (T. 226). He copied the number and gave it to the police (T. 227).

Officer John Lunney secured the store and made sure no one went behind the register (T. 390, 394). Latent fingerprint examiner Dawn Watkins testified that none of the prints lifted from the store or from the Maxima belonged to appellant (T. 404).

Officer Cochenour was parked at the intersection of I-95 and Hollywood Boulevard when received a call regarding a robbery at the mall (T. 418-419). He observed a driver who matched the description given and he began to follow him (T. 421-422). The driver, who he identified as appellant, increased speed and began to weave in and out of traffic (T. 423-424). The officer was involved in an accident at the Golden Glades Interchange and lost sight of the car (T. 425).

Based on conversations with Willie and Daisy Jones, Detectives Hetzel and Moore compiled a photo line up which included a picture of appellant (T. 442). On the afternoon of November 2, Melissa Shires reviewed the lineup at the police station (T. 333, 444). She selected photos two and five and left the department without narrowing her choice any further (T. 334, 445). Shires testified she played the line up over and over in her hand on the way home and determined that the robber was pictured in photo two, appellant's photo (T.34-335). She called Detective Moore that evening and told him the robber was number two (T. 335). The next day, she returned to the police department and positively identified appellant's picture (T. 446). Officer Cochenour also identified appellant as the person driving the car (T. 427, 446). Shires identified appellant in a live line up a few months later (T. 337).

Deputy Sheriff Cortez works in Brownsville, Texas just across from the Mexican border (T. 281). He was informed by Customs that they were detaining appellant on a Florida warrant (T. 282). When he was taken into custody, appellant asked why he was being arrested and denied any involvement in the robbery (T. 282).

Willie Jones, appellant's cousin testified that his wife owns a 1991 Maxima and that appellant borrowed the car on November 1 (T. 236-239). Appellant asked to borrow the car at approximately 10:00 a.m. and did not return it till 3:00 or 4:00 p.m. (T. 239-240). Jones stated appellant, who was dressed in brown when he took the car, had changed into a black shirt and shorts when he returned the car. Jones said appellant had either a .380 or .45-gun (T. 241). Daisy Jones, appellant's aunt stated she was stopped by the police while driving the Maxima the next day (T. 251). She told the police that appellant had the car the day before. When she told appellant she had been stopped by the police, he denied any wrongdoing (T. 252, 254). Neither of the Jones' actually saw appellant leave in the car (T. 258).

## SUMMARY OF THE ARGUMENT

False imprisonment is the confining, imprisoning, abducting or restraining of another against their will and without lawful authority. However if the purpose of those actions is to commit or facilitate the commission of any felony, a conviction for false imprisonment will not stand. The victim testified appellant forced her into the stockroom because he wanted her to open the safe which was located there. Once the safe was opened, appellant took her out of the stockroom to open the cash register. Any restraint, confinement, abduction or imprisonment of Shires was for the sole purpose of facilitating the robbery. Therefore, the court erred in denying appellant's motion for judgement of acquittal on the charge of armed false imprisonment. Appellant's conviction for armed false imprisonment must be reversed and remanded with instructions to discharge.

## ARGUMENT

### THE TRIAL COURT ERRED IN DENYING APPELLANTS MOTION FOR JUDGEMENT OF ACQUITTAL ON THE CHARGE OF ARMED FALSE IMPRISONMENT.

Florida Statute section 787.02 defines false imprisonment as "forcibly by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will." Additionally, it must be shown the defendant acted for a purpose other than to commit or facilitate commission of any felony. Florida Standard Jury Instruction: False Imprisonment.

At the close of the state's case, appellant moved for judgement of acquittal on the charge of armed kidnaping. The court granted the motion as to armed kidnaping and stated its intention to instruct on armed false imprisonment. Appellant's renewed motion for judgement of acquittal was denied (T. 494-495). This was error.

The victim testified appellant forced her into the storeroom because the safe was located in the storeroom. After the safe was opened, he led her back to the cash register. She stated it was only a few feet from the register to the storeroom and that had customers entered the store they could have heard her scream (T. 320, 325, 345-347, 351). In Keller v. State, 586 So. 2d 1258 (Fla. 5th DCA 1991), the defendant was charged with two counts of sexual battery and one count of kidnaping. His motion for judgement of acquittal was granted as to the kidnaping charge but the court decided to instruct on false imprisonment. Keller voiced no objection to the instruction, but instead renewed his motion for judgement

of acquittal. The motion was denied. Id. at 1261. The court found the defendant's act of dragging the victim several feet before committing the sexual battery was incidental to the sexual battery and did not support a false imprisonment charge. Id. at 1262. See also Perez v. State, 566 So. 2d 881 (Fla. 3rd DCA 1990) (forcing victim into bedroom and threatening with her with handgun are acts inherent in crime of robbery). Rohan v. State, Case no. 96-1295 Fla. Law Weekly July 2, 1997 ( forcing battery victim into bedroom and onto bed constituted same criminal conduct supporting burglary with battery conviction). Nutter v. State, 679 So. 2d 1245 (Fla. 5th DCA 1996) (jury could have held binding of burglary victim done to facilitate commission of felony).

Appellant's actions in forcing the victim into and out of the storeroom were for the sole purpose of forcing her to open the safe and the register, in other words, to facilitate the robbery. The trial court erred in denying appellant's motion for judgement of acquittal. Appellant's conviction for armed false imprisonment must be reversed and remanded with instructions to discharge as to that offense.

## CONCLUSION

Based upon the foregoing argument and the authorities cited therein, appellant respectfully requests this Court reverse his convictions for armed false imprisonment and remand with instruction to discharge him as to that offense.

Respectfully submitted,

RICHARD JORANDBY
Public Defender
15th Judicial Circuit of Florida
Criminal Justice Building
421 Third Street/6th Floor
West Palm Beach, Florida 33401
(407) 355-7600

ELLEN GRIFFIN
Assistant Public Defender
Florida Bar No. 0511889

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to SARAH MAYER, Assistant Attorney General, 1655 Palm Beach Lakes Blvd., Third Floor, West Palm Beach, Florida 33401 by courier this 19th day of August 1997.

Attorney for Michael McCutcheon

10

# EXHIBIT F

IN THE DISTRICT COURT OF APPEAL OF FLORIDA

FOURTH DISTRICT

CASE NO. 97-0404

MICHAEL McCUTCHEON,
Appellant,

vs.

STATE OF FLORIDA,
Appellee.



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AN APPEAL FROM THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
CRIMINAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER BRIEF OF APPELLEE

**ROBERT A. BUTTERWORTH**
Attorney General
Tallahassee, Florida

**DOUGLAS J. GLAID**
Assistant Attorney General
Florida Bar No. 0249475
Dept. Of Legal Affairs
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
(954) 712-4600

No.  97-0404
McCutcheon v. State of Florida

## CERTIFICATE OF INTERESTED PERSONS

Counsel for the Appellee, State of Florida, certifies that the following persons and

entities, listed below, have or may have an interest in the outcome of this case:

1.  Robert A. Butterworth, Attorney General
    (appellate counsel for appellee)

2.  Honorable Robert B. Carney, 17th Judicial Circuit Judge
    (trial judge)

3.  Douglas J. Glaid, Assistant Attorney General
    (appellate counsel for appellee)

4.  Ellen Griffin, Asst. Public Defender
    Richard L. Jorandby, Public Defender for the 15th Judicial Circuit
    (appellate counsel for defendant/appellant)

5.  Michael McCutcheon
    (defendant/appellant)

6.  Michael J. Satz, State Attorney for the 17th Judicial Circuit
    By Assistant State Attorney David Frankel
    (trial counsel for plaintiff/appellee)

7.  Bruce H. Schiller, Esquire
    (trial counsel for defendant/appellant)

8.  Melissa Shires
    (victim)

# TABLE OF CONTENTS

TABLE OF CITATIONS.................................................................................................ii

INTRODUCTION......................................................................................................1

STATEMENT OF THE CASE AND FACTS..................................................................2

SUMMARY OF THE ARGUMENT..............................................................................3

ARGUMENT......................................................................................................4-9

THE TRIAL COURT PROPERLY DENIED DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE REDUCED CHARGE OF FALSE IMPRISONMENT SINCE THERE WAS SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION ON THE ISSUE OF WHETHER THE CONFINEMENT OF THE VICTIM WAS SOLELY TO FACILITATE THE COMMISSION OF THE ROBBERY.

CONCLUSION........................................................................................................10

CERTIFICATE OF SERVICE....................................................................................10

i

## TABLE OF CITATIONS

CASES                                                                    PAGE

Berry v. State, 668 So. 2d 967 (Fla. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Bertolotti v. Dugger, 514 So. 2d 1095 (Fla. 1987)  . . . . . . . . . . . . . . . . . . . . . .  5

Busch v. State, 466 So. 2d 1073 (Fla. 3d DCA 1984)  . . . . . . . . . . . . . . . . . . .  4

Cochran v. State, 547 So. 2d 928 (Fla. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . .  4

Deangelo v. State, 616 So. 2d 440 (Fla. 1993)  . . . . . . . . . . . . . . . . . . . . . . . .  4

Faison v. State, 426 So. 2d 963 (Fla. 1983)  . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8

Johnson v. State, 478 So. 2d 885 (Fla. 3d DCA 1985)  . . . . . . . . . . . . . . . . . .  5

Lynch v. State, 293 So. 2d 44 (Fla. 1974)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Nixon v. State, 587 So. 2d 525 (Fla. 4th DCA 1991)  . . . . . . . . . . . . . . . . . . . .  5

Patterson v. State, 391 So. 2d 344 (Fla. 5th DCA 1980)  . . . . . . . . . . . . . . . . .  6

Perez v. State, 566 So. 2d 881 (Fla. 3d DCA 1990)  . . . . . . . . . . . . . . . . . . . .  6, 8

Rodriguez v. State, 558 So. 2d 211 (Fla. 3d DCA 1990)  . . . . . . . . . . . . . . . . .  8

Rohan v. State, 696 So. 2d 901 (Fla. 4th DCA 1997)  . . . . . . . . . . . . . . . . . . .  6

Sanderson v. State, 390 So. 2d 744 (Fla. 5th DCA 1980)  . . . . . . . . . . . . . . . .  6

State v. Law, 559 So. 2d 187 (Fla. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

State v. Sanborn, 533 So. 2d 1169 (Fla. 1988)  . . . . . . . . . . . . . . . . . . . . . . . .  6

Taylor v. State, 583 So. 2d 323 (Fla. 1991)  . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Tillman v. State, 471 So. 2d 32 (Fla. 1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## OTHER AUTHORITIES

Fla. R. Crim. P. 3.380(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

Appellant, Michael McCutcheon, was the defendant in the trial court and appellee, the State of Florida, was the prosecution. Appellant, in this brief, will be referred to as he stood below and appellee will be identified as the State. The symbol "R" will be used to refer to the record on appeal. The symbol "AB" refers to the Appellant's initial brief. Unless otherwise stated, all emphasis has been supplied by Appellee.

## STATEMENT OF THE CASE AND FACTS

Appellee accepts Appellant's Statement of the Case and Facts appearing on pages 2 through 6 of his initial brief to the extent that it is accurate and nonargumentative, but sets forth the following additional facts for purposes of clarification:

At trial, the victim, Melissa Shires, testified that Defendant forced her to go into the store's storage/stock room and eventually closed the stock room door. (R 324, 330). When the two started to struggle, Defendant "pinned" her up against the wall. (R 320-21). When the victim started screaming, Defendant began striking her on the left side of her face with his right hand and the gun he held in that hand. (R 321-22). Although she thought she was screaming loud enough for someone to hear her, the victim testified that nobody heard her or came to help. (R 323). While Defendant was hitting the victim, he dropped the gun and the victim tried to leave the stock room, i.e., make a "run for it." (R 324). However, Defendant "pulled me (victim) back in again," "pinned" her on the floor and began choking her. (R 324). The victim testified that her struggle with Defendant took about fifteen minutes. (R 323). In describing the injuries she suffered, the victim testified:

> Inside my mouth, I had a cut from my tooth going through my cheek from him hitting me. I had a sprained arm, from him either stepping on it or holding me very tight with it. I had to wear a brace in my mouth because I had TMJ. I had dislocated my jaw. So I had to wear this special brace to help correct it. (R 331).

Any additional facts which Appellee seeks to bring to the attention of the Court are contained in the argument portion of this brief.

2

## SUMMARY OF THE ARGUMENT

The trial court properly denied Defendant's renewed motion for judgment of acquittal since there was sufficient evidence to create a jury question on the issue of whether the confinement of the victim in the back stock room of the store for fifteen minutes was solely to facilitate the commission of the robbery. Indeed, the beating of the victim and the victim's confinement in the stock room for approximately fifteen undoubtedly horrifying minutes was not of the sort that is likely to naturally accompany the crime of robbery. In any event, Defendant failed to properly preserve this issue for appellate review since he did not argue the insufficiency of evidence for false imprisonment during his renewed motion for judgment of acquittal below.

3

<div align="center">ARGUMENT</div>

THE TRIAL COURT PROPERLY DENIED DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE REDUCED CHARGE OF FALSE IMPRISONMENT SINCE THERE WAS SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION ON THE ISSUE OF WHETHER THE CONFINEMENT OF THE VICTIM WAS SOLELY TO FACILITATE THE COMMISSION OF THE ROBBERY. (Restated).

It is firmly established that motions for judgments of acquittal should only be granted when it is apparent that no legally sufficient evidence has been submitted from which a jury could find a verdict of guilty. *Lynch v. State*, 293 So. 2d 44 (Fla. 1974); *Busch v. State*, 466 So. 2d 1073 (Fla. 3d DCA 1984). In moving for a judgment of acquittal, the defendant admits all facts in the evidence adduced and every conclusion favorable to the prosecution that a jury might fairly and reasonably infer from the evidence. *Id.* A trial court should not grant a motion for judgment of acquittal unless "there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law." *Taylor v. State*, 583 So. 2d 323, 328 (Fla. 1991). Moreover, as our supreme court reiterated in *State v. Law*, 559 So. 2d 187, 189 (Fla. 1989), the State is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but must *only* introduce evidence which is inconsistent with the defendant's version in order to overcome a motion for judgment of acquittal. *See also Deangelo v. State*, 616 So. 2d 440, 442 (Fla. 1993) ("[A] jury is not required to believe defendant's version of events where the State has produced conflicting evidence."); *Accord Cochran v. State*, 547 So. 2d 928, 930 (Fla. 1989).

Here, Defendant argues that the evidence failed to support the reduced charge of

<div align="center">4</div>

false imprisonment. However, first of all, the State maintains that Defendant failed to properly preserve this issue for appellate review since he did not argue the insufficiency of evidence for false imprisonment during his renewed motion for judgment of acquittal below. (T 494-495). Although defense counsel perfunctorily "renewed" his motion for judgment of acquittal after resting the defense case and after the trial court had *granted* his motion for judgment of acquittal and reduced the kidnapping charge to false imprisonment, counsel conspicuously did not specifically set forth any grounds in support of his renewed motion, as required by established case law and the rules of procedure. (T 478, 483, 494-495). Therefore, since the issue of the sufficiency of evidence to support the reduced charge of *armed false imprisonment* was never raised in the trial court, it is consequently not properly reviewable by this Court.[1] *See Bertolotti v. Dugger*, 514 So. 2d 1095, 1096 (Fla. 1987) ("In order to preserve an issue for appellate review, the *specific legal argument or ground upon which it is based must* be presented to the trial court."); *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985); *Johnson v. State*, 478 So. 2d 885, 886 (Fla. 3d DCA 1985) (issue of whether State had failed to prove essential element of victim's age in sexual battery case was waived where defense counsel moved for judgment of acquittal merely on the ground that the State failed to prove a "prima facie case"); *Nixon v. State*, 587 So. 2d 525 (Fla. 4th DCA 1991) (where defendant did not argue the first prong of the *Cruz* (entrapment) test, he waived appellate review of the denial of his motion

_____

[1] Although the trial court admittedly referred to the reduced charge of armed false imprisonment in denying the Defendant's renewed motion for judgment of acquittal, the defense never argued that the evidence was insufficient to support this charge. (T 495). Rather, the defense had only successfully argued that the evidence was insufficient to sustain a conviction for armed kidnapping. (T 474-475).

for judgment of acquittal on that ground); *Sanderson v. State*, 390 So. 2d 744 (Fla. 5th DCA 1980); *Patterson v. State*, 391 So. 2d 344, 345 (Fla. 5th DCA 1980); Fla. R. Crim. P. 3.380(b)(motion for judgment of acquittal "must fully set forth the grounds on which it is based.").

In *State v. Sanborn*, 533 So. 2d 1169 (Fla. 1988), the Florida Supreme Court held that false imprisonment is a necessarily lesser included offense of kidnapping. Thus, as held by the Third District in *Perez v. State*, 566 So. 2d 881, 883 (Fla. 3d DCA 1990), proof of the elements of in the kidnapping statute constitutes, under *Sanborn*, proof of the elements of false imprisonment. Further, in *Rohan v. State*, 696 So. 2d 901, 903 (Fla. 4th DCA 1997), this Court fairly recently observed that the Florida Supreme Court and various district courts of appeal in Florida have applied the test enunciated in *Faison v. State*, 426 So. 2d 963, 965 (Fla. 1983), in cases where kidnapping *or* false imprisonment have been charged along with other crimes. Under *Faison,*

> [I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
>
> (a) Must not be slight, inconsequential and merely incidental to the other crime;
>
> (b) Must not be of the kind inherent in the nature of the other crime; and
>
> (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.

*Id.*, 426 So. 2d at 965.

Applying the *Faison* test to the merits of the instant case, the State submits that

6

there was substantial competent evidence from which the jury could have reasonably concluded, and hence this Court is required to conclude, that the confinement of the female victim in the back stock room of the store was not merely incidental to Defendant's robbery of the store. Indeed, it is clear that the evidence presented by the State satisfied the criteria set forth in the *Faison* case. The record evidence shows that Defendant forced the victim to go into the store's storage/stock room located in the back of the store and eventually closed the stock room door. (R 324, 330). When the two started to struggle, Defendant "**pinned**" the victim up against the wall. (R 320-21). When the victim started screaming, Defendant began striking the victim on her face with his right hand and the gun he held in that hand. (R 321-22). Although she thought she was screaming loud enough for someone to hear her, the victim testified that nobody heard her or came to help. (R 323). When Defendant was hitting the victim, he dropped the gun and the victim **tried to leave the stock room**, i.e., make a "run for it." (R 324). However, **Defendant "pulled me (victim) back in again**," "**pinned**" her on the floor and began choking her. (R 324). Significantly, the victim testified that her struggle with Defendant took about **fifteen minutes**. (R 323).

In light of the foregoing, it is clear that the victim's confinement was not merely incidental to Defendant's robbery of the victim. Indeed, the beating of the victim and the victim's confinement in the stock room for a period of approximately fifteen undoubtedly horrifying minutes was not of the sort that is "likely to naturally accompany" the crime of robbery. *See Berry v. State*, 668 So. 2d 967, 969 (Fla. 1996) ["We construe this (first) prong (of the *Faison* test) to mean that there can be no kidnaping where the only

7

confinement involved is the sort that, though not necessary to the underlying felony, *is likely to naturally accompany it*."); *Perez v. State,* 566 So. 2d at 882-883 (false imprisonment convictions were not subsumed in convictions for burglary and robbery, where the restraint was not slight, inconsequential, or merely incidental to the other crime, and was of independent significance as it made robbery easier to commit and substantially lessened risk of detection); *Faison v. State,* 426 So. 2d at 965-66, *aff'g.* 399 So. 2d 19, 21 (Fla. 3d DCA 1981) (kidnapping established because movements of victim from open area to secluded one made crime substantially easier to commit and reduced risk of detection); *Rodriguez v. State,* 558 So. 2d 211, 212 (Fla. 3d DCA 1990) (robbers who had confined residents of house to single room during a robbery were properly convicted of armed kidnapping, despite claim that any confinement was inconsequential and had not facilitated commission of robbery; by concentrating residents in single room, robbers were more easily able to observe them). Moreover, while Defendant does not address the second and third prongs of *Faison,* it is clear that Defendant's actions in confining the victim in the stock room in the back of the store was not inherent in the robbery and obviously made it substantially easier for Defendant to rob the store or, alternatively, substantially lessened the risk of his detection. Thus, all three prongs of the *Faison* were satisfied in the instant case and, hence, Defendant's false imprisonment conviction should be upheld.

Accordingly, in the present case, since there was sufficient evidence to raise a jury question as to whether the confinement of the female victim in the store was solely to facilitate the commission of Defendant's robbery, the trial court was eminently correct in denying Defendant's motion for judgment of acquittal as to the reduced charge of false

imprisonment.  The jury's verdict as to this charge should therefore not be disturbed.

## CONCLUSION

Based upon the foregoing reasons and authorities, the judgment of conviction and the sentence should be affirmed.

Respectfully submitted,

**ROBERT A. BUTTERWORTH**
Attorney General

_____
**DOUGLAS J. GLAID**
Assistant Attorney General
Florida Bar No.  0249475
Department of Legal Affairs
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
(954) 712-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer Brief of Appellee was furnished by U.S. mail to Ellen Griffin, Asst. Public Defender, Counsel for Appellant, 421 3rd Street, West Palm Beach, FL 33401, on this 21st day of November, 1997.

_____
**DOUGLAS J. GLAID**
Assistant Attorney General



IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, P.O. BOX 3315, WEST PALM BEACH, FL 33402


MICHAEL MCCUTCHEON                  CASE NO. 97-00404

  Appellant(s),

vs.

STATE OF FLORIDA                    L.T. CASE NO. 95-21915 CF10A
                                    BROWARD
  Appellee(s).


November 17, 1997

---

BY ORDER OF THE COURT:    *Brief due 11/27*

    ORDERED that appellee's motion filed November 14, 1997,

for extension of time is granted and appellee shall serve the

answer brief within ten (10) days from the date of the entry of

this order.  In addition, appellee is notified that the failure

to serve the brief within the time provided herein will

foreclose appellee's right to file a brief or otherwise

participate in this appeal or the court in its discretion may

impose other sanctions.


  I hereby certify the foregoing is a
true copy of the original court order.

MARILYN BEUTTENMULLER
CLERK

  cc:  Attorney General-W. Palm Beach
      Public Defender-15
      Douglas J. Glaid


    /KB

RECEIVED
OFFICE OF THE
ATTORNEY GENERAL

NOV 18 1997

CRIMINAL OFFICE
WEST PALM BEACH

# EXHIBIT G

# M A N D A T E

from

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:                    July 17, 1998

CASE NO.:                97-0404

COUNTY OF ORIGIN:        Broward

T.C. CASE NO.:           95-21915 CF10A

STYLE:                   Michael McCutcheon v. State

RECEIVED

JUL 20 1998

CRIMINAL APPEALS
FT. LAUDERDALE

DOCKETED
JUL 17 1998
S.S.
ATTORNEY GENERAL



Marilyn Beuttenmuller, Clerk
District Court of Appeal
Fourth District

ORIGINAL TO:   Hon. Robert E. Lockwood, Clerk

cc:   Public Defender #15
      Attorney General - Fort Lauderdale

      /CR

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, P.O. BOX 3315, WEST PALM BEACH, FL 33402

MICHAEL MCCUTCHEON                          CASE NO. 97-00404

  Appellant(s),

vs.

STATE OF FLORIDA                            L.T. CASE NO. 95-21915 CF10A
                                            BROWARD
  Appellee(s).

June 25, 1998

BY ORDER OF THE COURT:

         ORDERED that appellee's motion filed June 11, 1998, for

rehearing or, in the alternative, clarification of decision is

hereby denied.

   I hereby certify the foregoing is a
   true copy of the original court order.

   MARILYN BEUTTENMULLER
   CLERK

   cc:    Attorney General-W. Palm Beach
          Public Defender 15
          Douglas J. Glaid

          /CH



# EXHIBIT H

IN THE DISTRICT COURT OF APPEAL
FOURTH DISTRICT OF FLORIDA

MICHAEL McCUTCHEON,

        Petitioner,

v.                                 CASE NO. _____

HARRY K. SINGLETARY, Secretary,
Florida Department of Corrections,

        Respondent.

_____/

PETITION FOR WRIT OF HABEAS CORPUS

    Comes now the petitioner, Michael McCutcheon, pro se, pursuant to Rule 9.140(j), Florida Rules of Appellate Procedure, and petitions this court to grant its writ of habeas corpus permitting Michael McCutcheon to have a new trial in this case or, ruling directly on the legal issue raised in this petition, discharge from custody. As grounds for the writ, the petitioner alleges:

**A.    *JURISDICTION***

    This Court's jurisdiction is premised on Article 5, Sec. 4(b)(3), Fla.Const.; Amend. To Fla. Rules Of Appellate Proc., 685 So.2d 773, 776 (Fla. 1996).

*B.    PRELIMINARY STATEMENT*

In this petition for writ of habeas corpus, Michael McCutcheon will be referred to by name or petitioner. Harry K. Singletary will be referred to by name or as respondent. Citations to pertinent portions of the Record ("R.") and Transcripts ("T.") previously used on direct appeal, are attached to the appendix ("app.") and referenced to by appropriate Exhibit ("ex.").

*C.    FACTS ON WHICH PETITIONER RELIES*

On December 16, 1996 the petitioner was convicted by jury in the Circuit Court for Broward County in case no. 95-21915-CF10A and sentenced on Count I, Robbery, and Count II, Armed False Imprisonment, to THIRTY (30) years' in the Florida Department of Corrections, each concurrent as a Habitual Felony Offender ("HFO"); and on Count III, Battery, he was sentenced to 1 year imprisonment and granted time served. (R. 103-105, 117-123, app., ex. A)

Petitioner was represented by Bruce H. Schiller, Esq., who validly preserved *four* "Statement of Judicial Acts" to be reviewed by this Fourth District Court of Appeal, which include:

> Whether the Court erred in Denying the Defendant's Motion for New Trial, Arrest of Judgment or Motion for Judgment of Acquittal.

(R. 134, app., ex. B)

2

Petitioner filed timely notice of appeal and Ellen Griffin, Asst. Public Defender, was appointed to represent him in this District Court's forum in case number 97-0404. Counsel failed to present before this Court *any* of the "Statement of Judicial Acts" that were preserved for review but only challenged the conviction as to count II and, in the month of May 1998, this Court vacated petitioner's conviction of Armed False Imprisonment. McCutcheon v. State, 23 Fla. L. Weekly D1291 (Fla.App. 1st DCA, May 27, 1998); rehearing denied on June 25, 1998.

Petitioner do not have any motions previously filed or pending in the lower tribunal and this District Court. But remains held in custody by the Respondent, Harry K. Singletary, as defined in §§20.315(5)(a) and 944.02(5), Florida Statutes.

D.   *NATURE OF RELIEF SOUGHT*

The nature of relief sought is that this District Court grant its writ of habeas corpus permitting MICHAEL McCUTCHEON to acquire a new trial or discharge from custody.

3

*E. ARGUMENT*

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Appellate counsel's failure to argue properly preserved claim on direct appeal, that "the trial court erred in Denying Motion for New Trial, Arrest of Judgment or Motion for Judgment of Acquittal," as to Count I, Robbery, violates Petitioner's Sixth Amendment right of the United States Constitution (R. 111-116, app., ex. C). Surez v. Dugger, 527 So.2d 190, 192-93 (Fla.1988); Johnson v. Singletary, 695 So.2d 263, 266 (Fla.1996).

McCutcheon contends that he has met the "two-fold" test for determining that appellate counsel's assistance was (1) "so erroneous or deficient that it fell outside the range of professionally acceptable performance," and (2) "the error or deficiency in the appellate process have been so egregious that it undermined confidence in the correctness of the result." Johnson, supra, at 695 So.2d 266.

At the close of the State's case, the trial counsel argued that "reasonable minds cannot differ" whether McCutcheon committed the crime of robbery, that the "state has not presented a sufficient amount of evidence" and "failed to meet its burden of proving each and every element" (T. 469-70, App., Ex. D). Indeed, the State wholly failed to prove whether the alleged robber

(1) took money or property and (2) with the intent to permanently

or temporarily deprive the victim ("Shires"). Therefore, defense

counsel's argument was conclusive:

> With respect to the robbery, Ms. Shires said
> that money was placed into the knit cap, but
> she never went back into the store to count
> how much, if anything, was actually taken.
> There has been no evidence that there was
> money actually taken out. All she said is that
> she saw money being placed in the knit before
> she ran out of the store...
> There has been no evidence that there was a
> taking. She indicates that she didn't go back
> in the store and ever count it. She never
> looked.

(T. 472-73, 488, app., ex. D) The victim herself attest that

State's evidence was insufficient to support a robbery conviction.

She testified that she opened up the safe but there was nothing in

it:

> When he saw that there was nothing in the
> safe. He insisted on me going to open up the
> drawer, and so we went out there.
> And I tried hesitating so I could get away but
> I didn't. I then opened up the drawer, and in
> the mean time, I kicked off my shoes, so I
> could be able to run when I needed to.
> Once the drawer was open, I just said
> something like what do you want. And he went
> to go take the money out, and I snuck behind
> him, and I took off running and left him in
> the store.

(T. 310, 322-25, app., ex. E)

5

Precedently, Shires had testified that she opened the store and began business with $150 in the register drawer, therefore, the State argued that it has proven the elements of robbery and that McCutcheon's motion for judgment of acquittal should be denied:

> I don't think there is a requirement to say that she actually saw him running with it just that it was taken, and that's the evidence in the case. [S]he knows, to began with, there was $150 in there.
> And she testifies he stuffs, even if it is $1 in, and took $1. He doesn't have to leave with it, that he took it from her or she saw him taking money from the register. The fact that I say how much money was taken, and she says a $150.
> There is evidence in the record that there was money taken.

(T. 486-87, app., ex. F)

Before the trial court issued a ruling on McCutcheon's motion for judgment of acquittal, he ordered that "two portions" of Shire's testimony is reviewed, direct examination and cross-examination, but agreed with defense counsel, reasoning:

> I do recall Ms. Shires making reference to $150 being taken because that's bank that's brought into the store to begin with. I'm curious on the language because the defense asks her, specifically, did she look to see how much money was taken. And she had indicated that she never counted the money after the robbery. And if that's the case, that she never looked after the robbery.

(T. 486-87, 499, app., ex. F)

6

When back on record after "review," the trial court acknowledged that "we have no idea whether money was taken, it is not a robbery, it is an *attempt* robbery." Id. (emphasis). But the State added:

> However, there is other evidence in the case, that there was testimony by her that he was digging in the cash register. There is a picture in evidence of the drawers of the cash register where there is no money in it, and a $10 bill laying on the floor.

(T. 500, app., ex. F)

The trial court decided that "the photos may be significant for evidence to tip the scales as to robbery" and therefore denied McCutcheon's motion for judgment of acquittal (T.500-502, app., ex. F). *This is error.*

Because Shires began business with $150 in the register, and there is evidence of a $10 bill laying on the floor, is not sufficient evidence of a "taking" to constitute robbery. White v. State, 645 So.2d 1122 (Fla. 3rd DCA 1994); Jackson v. State, 449 So.2d 411 (Fla. 4th DCA 1984); Arnold v. State, 83 So.2d 105, 108 (Fla.1955). Ms. Shires confess to have made "two small sales" prior to the alleged robbery, thus subtracting from her initial $150. But the evidence offers substantial proof that the difference of the $150 remained inside the store, as evidenced by the picture of a

7

$10 bill laying on the floor; a picture of the cash register display a packet of $1 bills; there are some either penny or nickels; there is some change of quarters, nickels, and dimes (T. 500-501, app., ex. F). Did anyone ever think to count or do inventory of the alleged money or property? No, because Ms. Shires never "looked to see how much money was taken. She never counted the money after the robbery" (T. 486, app., ex. F). Hence, there was never a "taking."

True, someone may have attempted to rob Ms. Shires. But when she escaped and fled the scene with loud screams, there is a great probability that the robber became frightened, *dropped the money* in which he attempted to take after he realized that Ms. Shires had escaped, and fled the scene. There was nothing more than an attempted robbery, which the evidence clearly demonstrates. Crime of attempted robbery requires only formation of intent to take money or property of another and overt act capable of accomplishing goal. Green v. State, 655 So.2d 208, 209 (Fla. 3rd DCA 1995) ("Evidence supported conviction for attempted robbery, notwithstanding defendant's contention that evidence was insufficient to demonstrate taking of anything of value from victim"); *also* Mercer v. State, 347 So.2d 733 (Fla. 4th DCA 1977); Jackson v. State, 449 So.2d 411 (Fla. 2DCA 1984).

8

Trial counsel renewed McCutcheon's motion for judgment of acquittal subsequent to the jury's "guilty" verdict (R. 111-116, app., ex. C) and, further, requested for new trial or arrest of judgment. But again, the trial court erroneously denied relief. (T. 630-635, app., ex. G). As demonstrated aforesaid, there clearly is not sufficient evidence to sustain the verdict for an offense of robbery. The State failed to prove there was a "taking" from custody of Ms. Shires; thus, there is insufficient evidence to sustain the verdict, as the State failed to prove an essential element of "robbery." It is well settled that "when the evidence does not sustain the verdict for the offense charged but does sustain a finding of guilty on a necessarily included offense, a trial judge should adjudge the defendant guilty of that necessarily included offense." State v. Harris, 660 So.2d 285, 287 (Fla. 5th DCA 1995), citing Goddard v. State, 485 So.2d 230 (Fla.1984); State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994); Tibbs v. State, 397 So.2d 1120 (Fla.1981).

Appellate counsel's failure to argue this properly preserved issue, that "the trial court erred in Denying Motion for New Trial, Arrest of Judgment or Motion for Judgment of Acquittal," as to Count I, Robbery, was deficient performance which is clearly egregious that is undermined confidence in the correctness of the

9

result. Because had appellate counsel raised this argument on direct appeal, this Fourth District Court of Appeal would have reversed and remanded the cause where the trial court's "denial" was wholly erroneous. <u>Johnson</u>, supra, *Id.* at 695 So.2d 266-667. The petitioner is prejudiced because he is incarcerated for a crime which he did not commit, in fact, never occurred. <u>Dydek v. State</u>, 400 So.2d 1255, 1258 (Fla. 2DCA 1981) ("no error more fundamental than the conviction of a defendant in the absence of a prime facie showing of the essential elements of the crime charged"); <u>Williams v. State</u>, 516 So.2d 975 (Fla. 2DCA 1987).

WHEREFORE, McCutcheon respectfully request that this District Court grant writ of habeas corpus relief and reverse for new trial or discharge from custody.

_____
MICHAEL McCutcheon    #816168


**F.    *NOTARIZED OATH***

STATE OF FLORIDA
COUNTY OF HAMILTON

Before me, the undersigned authority, this day personally appeared MICHAEL McCUTCHEON, who first being duly sworn, says that he is the defendant in the above-styled cause, that he has read the

10

foregoing Petition for Writ of Habeas Corpus and has personal
knowledge of the facts and matters therein, and that each and all
of these facts are true and correct.

      **SWORN AND SUBSCRIBED TO** before me this \_\_\_\_ day of July, 1998.

_____
NOTARY PUBLIC

SHELLEY L. SULLIVAN
MY COMMISSION # CC 665229
EXPIRES: October 2, 2001 (Seal)
Bonded Thru Notary Public Underwriters

Personally known \_\_\_\_ or produced identification __X__
Type of Identification produced: <u>Dept. of Corrections I.D# **816168**</u>

11

G.   *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and accurate copy of the foregoing Petition for Habeas Corpus has been furnished by U.S. Mail this _____ day of July, 1998, to Robert A. Butterworth, State Attorney General, The Capitol, Tallahassee, FL 32399-1050.

MICHAEL McCutcheon, Pro. Per.

12

# EXHIBIT I

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, P.O. BOX 3315, WEST PALM BEACH, FL 33402

MICHAEL McCUTCHEON                    CASE NO. 98-02464

Petitioner(s),

vs.

HARRY K. SINGLETARY, JR.,              L.T. CASE NO. 95-21915 CF
etc.                                   BROWARD
Respondent(s).

August 18, 1998
_____

BY ORDER OF THE COURT:

          ORDERED that the Petition for Writ of Habeas Corpus

     filed July 14, 1998, is hereby denied.

     I hereby certify the foregoing is a
     true copy of the original court order.



     MARILYN BEUTTENMULLER
     CLERK

     cc:  Michael McCutcheon
          Attorney General-W. Palm Beach
          Harry K. Singletary, Jr.

          /DM

RECEIVED
AUG 21 1998
CRIMINAL APPEALS
FT. LAUDERDALE

RECEIVED
OFFICE OF THE ATTORNEY GENERAL
AUG 19 1998
CRIMINAL DIVISION
WEST PALM BEACH

# EXHIBIT J

RECEIVED
OFFICE OF THE ATTORNEY GENERAL

DEC 1 8 1998

CRIMINAL DIVISION
WEST PALM BEACH

IN THE CIRCUIT COURT OF THE
Seventeenth JUDICIAL CIRCUIT
IN AND FOR Broward
COUNTY, FLORIDA

STATE OF FLORIDA
      Plaintiff,

v.

michael mccutcheon
      Defendant.

)
)
)
)
)
)
)
)

Criminal Division

Case No.: 95-21915CF10A
(The original case number)

## MOTION FOR POST CONVICTION RELIEF

### Instruction —— Read Carefully

(1) This motion must be legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of this rule being (*Fla.R.Crim.P.*, Rule 3.987). Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury. All question must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts that you rely upon to support grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate memorandum of law. This memorandum should have the same caption as this motion.

(3) No filing fee is required when submitting a motion for postconviction relief.

(4) Only the judgment of one case may be challenged in a single motion for postconviction relief. If you seek to challenge judgments entered in different cases, or different courts, you must file separate motions as to each such case. The single exception to this is if you are challenging the judgments in the different cases that were consolidated for trial. In this event, show each case number involved in the caption.

(5) Your attention is directed to the fact that you must include all grounds for relief, and all facts that support such grounds, in the motion you file seeking relief from any judgement of

conviction.

(6) When the motion is fully completed, the original must be mailed to the clerk of the court whose address is _Broward_ (county where sentence was imposed) County Courthouse, _Ft. Lauderdale_ (address of clerk) Florida.

## MOTION

1.  Name and location of the court which entered the judgment of conviction under attack:
    _Broward County Courthouse, Ft. Lauderdale, Fl. 33301_

2.  Date of judgment of conviction: _January 17, 1997_

3.  Length of sentence: _30 years_

4.  Nature of offense(s) involved (all counts: _Ct I Robbery; Ct II Armed False Imprisonment; Ct III Battery_

5.  What was your plea? (Check one only)

    (a) Not Guilty ___X___

    (b) Guilty _____

    (c) Nolo Contendere _____

    (d) Not Guilty By Reason of Insanity _____

    If you entered one plea to one count, and a different plea to another count, give details: _____

6.  Kind of Trial: (check one only)

    (a) Jury ___X___

    (b) Judge only without jury ____

7.  Did you testify at the trial or at any pre-trial hearing?

    Yes ____ No __X__

    If yes, list each such occasion: ___N/A___

8.  Did you appeal the judgment of conviction? Yes __X__ No ____
    _Only In Part Due to failure of Appellant Counsel_

9.    If you did appeal, answer the following:

(a) Name of Court: _Fourth District Court of Appeals_

(b) Result: _Ct II Armed False Imprisonment Overturned_

(c) Date of Result: _May 27, 1998_

(d) Citation (if known): _Case No. 97-0404_

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in **this** court?

Yes _____ No _X_

11.   If your answer to number 10 was "yes," give the following information, (applies only to proceedings in **this court**):

(a)(1) Nature of Proceedings: _N/A_

_____

(2) Grounds Raised: _N/A_

_____

(3) Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

(4) Result: _____

(5) Date of Result: _____

(b) As to any second petition, application, motion, etc., give the same information:

(1) Nature of Proceedings: _N/A_

_____

(2) Grounds Raised: _____

_____

(3) Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

(4) Result: _____

3

(5) Date of Result: _____

12.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in any **other** court?

      Yes ___ No _X_

13.    If your answer to number 12 was "yes," give the following information:

    (a)(1) Name of Court: _____ N/A ____ _____

    (2) Nature of Proceedings: _____

_____

_____

    (3) Grounds Raised: _____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes ____ No ____

    (5) Result: _____

    (6) Date of Result: _____

(b)  As to any second petition, application, motion, etc., give the same information:

    (1) Name of court: _____

    (2) Nature of the proceedings: _____

_____

_____

    (3) Grounds raised: _____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes ____ No ____

    (5) Result: _____

    (6) Date of result: _____ __

4

(c)  As to any third petition, application, motion, etc., give the same information:

    (1)  Name of Court: ___ _____

    (2)  Nature of the Proceeding: _____ ____ . _____

_____ _____ _____ _____ _____

_____ _____ _____ _____

    (3)  Grounds Raised: _____

_____ _____ _____

_____ _____ _____ _____ _____

    (4)  Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

    (5)  Result: _____

    (6)  Date of Result: _____

14.    State **concisely** every ground on which you claim that the judgment or sentence is **unlawful**. Summarize **briefly** the **facts** supporting each ground.  If necessary, you may attach **pages stating** additional grounds and the **facts** supporting them.

For your information, the following is a list of the most frequently raised grounds for postconviction relief.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds that you may have other than those listed.  However, **you should raise in this motion all available grounds** (relating to this conviction) on which you base your allegations that your conviction or sentence is unlawful.

**DO NOT CHECK ANY OF THESE LISTED GROUNDS.**  If you select one or more of these grounds for relief, you must allege facts.  The motion will not be accepted by the court if you merely check (a) through (i).

    (a) Conviction obtained by plea of guilty or nolo contendere that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (c) Conviction obtained by a violation of the protection against double jeopardy.

5

(d) Denial of effective assistance of counsel.

(e) Denial of right of appeal.

(f) Lack of jurisdiction of the court to enter the judgment or impose sentence (such as an unconstitutional statute).

(g) Sentence in excess of the maximum authorized by law.

(h) Newly discovered evidence.

(i) Changes in the law that would be retroactive.

A.    Ground 1: The Court committed reversible error in denying Motion for Judgement of Acquital or Arrest of Judgement

Supporting FACTS (tell your story **briefly** without citing cases or law):

At the end of testimony defendant filed motion for Judgement of Acquital or Arrest of Judgement, as the Information charging armed Robbery showed that the only weapon involved was in the possession of the victim. Thus, the Information was and is totally defective and court's allowing trial on Armed Robbery was extremely prejudicial to defendant.

B.    Ground 2: Court committed reversible error in denying Motion for Judgement of Acquital or Arrest of Judgement

Supporting FACTS (tell your story **briefly** without citing cases or law):

Testimony during trial utterly failed to show any kind of Taking which must be proven in order for there to be a robbery. Testimony and evidence did not meet the requirements demanded to prove anything was taken thus Court erred in denying motion for Judgement of Acquital or Arrest of Judgement.

C.    Ground 3: Attorneys, Trial and Appellate, failed to provide Competent, effective assistance of Counsel.

Supporting FACTS (tell your story **briefly** without citing cases or law):

Trial Counsel failed to object to trial on Armed Robbery when

defective Information is read. Appellant counsel failed to appeal Three (3) of the Four (4) Judicial Acts preserved for appeal. Both failures, by trial and Appellant counsel, resulted in extreme prejudice to this defendant.

D.    Ground 4: There are Two (2) errors on the Sentencing Guidelines scoresheet.

Supporting FACTS (tell your story **briefly** without citing cases or law):

The Sentencing Guidelines scoresheet reveals a total of more than Twelve (12) points being added illegally and unlawfully. First error is in 'Additional Offenses' Catagory; Second error is in 'Prior offenses' Catagory. Now The 'Addional offense must be removed as Appellant court vacated Armed False Imprisonment charge

15.    In any of the grounds listed in 14 A, B, C, and D were not previously presented on your direct appeal, state **briefly** what grounds were not so presented and give your reasons why they were not so presented:

None of these grounds were presented on Direct Appeal due to failure of Appellant Counsel. This Appellant counsel's failure to pursue these grounds denied defendant competent, effective assistance of Counsel on appeal thereby violating the Sixth Amendment's Conotitutional guarantee.

16. Do you have any petition, application, appeal, motion, etc., now pending in any court, either state or federal, as to the judgment under attack?

Yes___ _ No _X_

17. If your answer to number 16 was "yes," give the following information:

(a) Name of court:_____

(b) Nature of the proceeding: ___ _____

7

(c) Grounds raised: _____

_____

_____

(d) Status of the proceedings: _____

_____

18. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein.

(a) At preliminary hearing: _Bruce H. Shiller, 8211 W. Broward Blvd. PH-3, Plantation, Fl. 33324_

(b) At arraignment and plea: _____ Same _____

(c) At trial: _____ Same _____

(d) At sentencing: _____ Same _____

(e) On appeal: _Ellen Griffin, Asst. Public Defender, Criminal Justice Bldg., West Palm Beach, Fl. 33401_

(f) In any post conviction proceeding: _____

(g) On appeal from any adverse ruling in a post conviction proceeding: _____

_____

WHEREFORE, movant requests that the court grant all relief to which the movant may be entitled in this proceeding, including but not limited to (here list the nature of the relief sought):

1. _Vacating this illegal, unlawful and unconstitutional Judgement, conviction and sentence; Dismiss the unsupported charge of Robbery; Order a new trial on a possible charge of Attempted strong Arm Robbery; And order a New Sentencing Guidelines Scoresheet be prepared,_

8

using the proper, correct scores.

2. Such other and further relief as the court deems just and proper.

## NOTARIZED OATH

**STATE OF FLORIDA**

**COUNTY OF HAMILTON**

Before me, the undersigned authority, this day personally appeared _Michael McCutcheon_, who first being duly sworn, says that he is the defendant in the above-styled cause, that he has read the foregoing motion for post conviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.

(your signature)
DC# _B 826 168_ Dorm _G 1119 8_
_Hamilton Correctional Institution_
_Main Unit Rt 1 Box 1360_
Jasper, Florida 32052

**SWORN AND SUBSCRIBED TO** before me this ____ day of _____ 199___.

**NOTARY PUBLIC**

Personally known ____ or produced identification ____
Type of Identification produced: **Dept. of Corrections I.D., DC#** _____

9

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY,** that a true and correct copy of the foregoing Motion For Postconviction Relief has been furnished to the Office of the State Attorney for _____ County whose address is, _____

_____.

Sent by mail on this _____ day of _____, 199____.


                                        _____
                                        Defendant, pro se

10

# EXHIBIT K

IN THE CIRCUIT COURT OF
THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

STATE OF FLORIDA                )          CASE NO.: 95-21915 CF
                                )
                                )          JUDGE: CARNEY
vs.                             )
                                )
MICHAEL McCUTCHEON              )
                                )
_____Defendant_____)

## RESPONSE TO DEFENDANT'S MOTION FOR
## POST-CONVICTION RELIEF

**COMES NOW,** the State of Florida, by and through the
undersigned Assistant State Attorney, and responds to the
Defendant's Motion for Post-Conviction Relief pursuant to Rule
3.850 of the Florida Rules of Criminal Procedure and the Order of
this Honorable Court as follows:

1. The defendant in this matter was found guilty after a jury
trial of robbery, armed false imprisonment, and battery on December
16, 1996 (Exhibit I).

2. On January 17, the defendant was sentenced to 30 years as
an habitual offender for the robbery and armed false imprisonment
charges (Exhibit II).

3. In *McCutcheon v. State*, 711 So.2d 1286 (Fla. 4th DCA 1998)
(Exhibit III), the Fourth District Court of Appeal affirmed the
robbery conviction, but reversed the armed false imprisonment
conviction, and remanded this matter. In compliance with the

1

opinion, the judgment and sentence for armed false imprisonment (count two) was vacated (Exhibit IV).

4. The motion of the defendant is legally insufficient since it is not signed under oath as required by Fla.R.Crim.P. 3.850. *State v. Shearer*, 628 So.2d 1102 (Fla. 1993).

5. The allegations of court error in grounds one and two are issues which were or could have been raised on appeal, and, therefore, are not cognizable in a motion for post-conviction relief. *Koon v. Dugger*, 619 So.2d 246 (Fla. 1993); *Medina v. State*, 573 So.2d 293 (Fla. 1990).

6. The allegation of ineffective assistance of counsel for failing to object to the armed robbery trial when a defective information was read is legally insufficient to support a ground upon which post-conviction relief can be granted. This allegation is a bare allegation of ineffectiveness with no basis of prejudice. Since the defendant does not allege how he was prejudiced to the extent that the trial was unfair or unreliable, this ground must be summarily denied. *Johnson v. State*, 541 So.2d 661 (Fla. 1st DCA 1989).

7. The allegation of ineffective assistance of appellate counsel, is not cognizable in a motion for post-conviction relief. *Peri v. State*, 458 So.2d 62 (Fla. 3d DCA 1984), and must be summarily denied.

8. The allegation of a scoresheet error is harmless, and is not a ground upon which post-conviction relief can be granted. The defendant was sentenced as an habitual offender and not pursuant to

2

the guidelines. Consequently, any guideline scoresheet error is harmless, since habitual offender sentences are not subject to sentencing guidelines. *Holley v. State*, 577 So.2d 624 (Fla. 1st DCA 1991).

**WHEREFORE**, the State of Florida respectfully requests this Honorable Court to deny the Defendant's Motion for Post-Conviction Relief.

I **HEREBY CERTIFY** that a copy of the foregoing was furnished by U.S. Mail to Michael McCutcheon, Defendant, Pro Se, Inmate #816168, Hamilton Correctional Institution, Main Unit, Route 1, Box 1360, Jasper, Florida 32052, this 14th day of September, 1998.

MICHAEL J. SATZ
State Attorney


By: 
JOEL SILVERSHEIN
Assistant State Attorney
Florida Bar #608092
Room 675
201 S.E. 6th Street
Fort Lauderdale, Florida
33301
Telephone: (954) 831-7913

3

# EXHIBIT L

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT,      IN AND FOR
BROWARD COUNTY, FLORIDA.

CASE NO.:  95-21915CF10A

STATE OF FLORIDA,           )

    Plaintiff,                 )

vs.                                      )                   ORDER

MICHAEL McCUTCHEON )

    Defendant.                )

_____  )

RECEIVED
OFFICE OF THE ATTORNEY GENERAL

DEC 18 1998

CRIMINAL DIVISION
WEST PALM BEACH

THIS CAUSE, having come before the Court upon Defendant's Motion for Post-Conviction Relief, and the Court having reviewed same, together with the Court files and the State's Response, and being otherwise fully advised in the premises, it is hereby

ORDERED that Defendant's Motion for Post-Conviction Relief be, and the same is hereby denied for reasons stated in State's response, a copy of which is attached hereto and made a part thereof. Defendant has the right to appeal within thirty (30) days of the rendition of this order pursuant to Fla.R.Crim.P. 3.850.

DONE AND ORDERED this 15 day of October, 1998, at Fort Lauderdale, Broward County, Florida.

ROBERT B. CARNEY,
Circuit Judge

Copies furnished:
Defendant, DOC #b816168
Dorm G1119S
Hamilton Correctional Institution
Route 1 Box 1360
Jasper, FL  32052

JOEL SILVERSHEIN, Esq.
Assistant State Attorney

# EXHIBIT M



# M A N D A T E

from

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:                    February 26 ,1999

CASE NO.:                98-3834

COUNTY OF ORIGIN:        Broward

T.C. CASE NO.:           95-21915 CF10A

STYLE:                   Michael McCutcheon v State



RECEIVED
OFFICE OF THE ATTORNEY GENERAL

MAR 0 1 1999

CRIMINAL DIVISION
WEST PALM BEACH



Marilyn Bettenmuller, Clerk
District Court of Appeal
Fourth District

ORIGINAL TO:   Hon. Robert E. Lockwood, Clerk

cc:  Michael McCutcheon
     State Attorney #17
     Attorney General - W Palm Beach

/AL

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                                    JANUARY TERM 1999


MICHAEL MCCUTCHEON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

CASE NO. 98-3834

_____

Decision filed  February 10, 1999

   Appeal of order denying rule 3.850 motion from
the Circuit Court of the Seventeenth Judicial
Circuit, Broward County; Robert  B. Carney,
Judge; L.T. Case No. 95-21915 CF10A.

   Michael McCutcheon, Jasper, pro se.

   No appearance required for appellee.

PER CURIAM.

   AFFIRMED.

POLEN, STEVENSON and SHAHOOD, JJ.,
concur.

**NOT FINAL UNTIL THE DISPOSITION OF
ANY TIMELY FILED MOTION FOR
REHEARING.**