UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



MICHAEL McCUTCHEON,
    Petitioner,

V.

                            Case No: 00-6008-CIV-SEITZ
                            MAGISTRATE JUDGE SORRENTINO

MICHAEL W. MOORE,
    Respondent(s).
_____/

## "PROCEDURAL DEFAULT" TRAVERSE

COMES NOW, Petitioner, Michael McCutcheon, pro se, pursuant to Title 28 U.S.C. Section 2248, respectfully requesting leave to traverse the State's "Response to Order to Show Cause", which will be referred to herein as "S.R:."

The State has raised two (2) procedural defaults to McCutcheon's petition:

1) Petitioner's ineffective assistance of counsel claim is barred from federal review since the trial court denied Petitioner's 3.850 motion as being <u>procedurally barred due to its unsworn nature</u> and the appellate court's subsequently affirmance without an opinion (S.R: 5).(emphasis added)

2) <u>Petitioner's motion was not sworn, as procedurally required by rule 3.850 (c), and therefore did not satisfy the "properly filed" requirement</u> of the AEDPA so as to toll the running of its limitation period (S.R: 6,7). (emphasis added)

COPY IN CHAMBERS

#13
H/

The essence of both defaults is that McCutcheon failed to comply with 3.850(c)'s requirement of signing the motion under oath. Consequently, a refutation of the one necessarily embraces the other, as both defaults hinge on the same error.

## I.

## HISTORY OF PROCEDURAL DEFAULT

On remand from direct appeal, at a hearing on September 3, 1998, McCutcheon hand delivered his 3.850 motion to the judge. The judge reviewed the motion, instructed his judicial assistant to file it, and Ordered the State to show cause as to why it should not be granted.

The trial court adopted the State's response which stated that McCutcheon's 3.850 "... is legally insufficient since it is not signed under oath..." (State Appendix, Ex. K).

McCutcheon appealed to the Fourth District Court of Appeal (4th DCA), which per curiam affirmed.

## II.

## PROCEDURAL DEFENSE

The procedural default raised by the State cannot serve as an "adequate" state ground to bar federal review of McCutcheon's ineffective assistance of claim or of the petition as a whole.

The default's treatment in the trial court precludes its use as an adequate state ground in this federal court. It is

wholly inconsistent with the treatment established by the Supreme Court of Florida and, therefore, must be excused.

When a 3.850 motion is denied for failure to comply with subsection c, the Supreme Court ruled that a denial of this kind warrants a dismissal without prejudice. <u>Anderson v. State</u>, 627 So.2d 1170, 1171 (Fla.1993). This form of denial permits the motion to be refiled after curing the insufficiency(ies). <u>Ellis v. State</u>, 696 So.2d 458 (Fla. 4th DCA 1997) (The trial court summarily denied appellant's motion for postconviction relief because it did not contain a proper oath and verification as required by Rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand. The trial court's order should have been without prejudice to appellant to file a timely motion for postconviction relief that conforms to the requirements of Rule 3.850 and 3.987.); <u>Haughbrook v. State</u>, 658 So.2d 639 (Fla. 2nd DCA 1995) (The trial court properly rejected his motion because it was not sworn. The denial of his claim is, however, without prejudice, and he may refile a properly sworn motion in the trial court.)

This procedure must have been followed so as to both preserve the issue and make the motion one properly filed so as to toll the time. In failing to do so, the trial court frustrated McCutcheon's only avenue to cure the default in failing to style its denial as without prejudice. Consequently, McCutcheon was compelled to proceed on a default motion via the state court's unexplained deviation from the Supreme Court of Florida's established treatment for defaults of this sort.

Additionally, there is no evidence in the trial court's order -- adopting the State's response as a basis for its denial -- suggesting that it "clearly and expressly" relied on the procedural default to deny the motion. Coleman v. Thompson, 501 U.S. 722,735 (1991).

Although the State's response refers to the procedural rule defaulted, (State's Appendix, Ex. K, point 4) it did not request that the motion be summarily denied because of the default. Absent a clear and express reliance on the procedural bar, mere reference is inadequate.

In Harris, the state court opinion "referred" to the procedural rule, described it as a "'well-settled' principle of ...[state] law" and discussed the applicability of the rule to the facts of the case. Harris v. Reed, 439 U.S. 255, 258 (1989). See also id at 266. Nonetheless, the Supreme Court held, the state opinion did not clearly and expressly rely on [the procedural rule]... as a ground for rejecting...petitioner's federal constitutional claim." Cf. Rose v. Lane, 910 F.2d 400, 402 (7th Cir.) cert. denied, 498 U.S. 983 (1990) (although state court referred to procedural rule and commented that petitioner's violation rule "was grounds for waiver or that it reached the plain error analysis only as an alternative ground for dismissing [petitioner's] claim"; accordingly, state court's ruling did not constitute the requisite" clear[] and express[] state[ment]".

### III.
### CONCLUSION

WHEREFORE, McCutcheon requests that the defaults be excused and that the State be Ordered to address the merits of the petition.

Respectfully submitted,

_____
Michael McCutcheon DC# 816168
Petitioner, Pro se

### NOTARIZED OATH

STATE OF FLORIDA  )
                 ): SS
COUNTY OF HAMILTON)

Before me this day did personally appear Michael McCutcheon DC# 816168, who declares that he is the Petitioner in the foregoing "Procedural Default" Traverse and who declares to have personal knowledge of the facts and matters stated therein and avers that they are true and correct and who did produce a photo Florida Dept. of Corr. Inmate ID# 816168 as identification.

_____
Michael McCutcheon DC# 816168
Petitioner, Pro se

SWORN AND SUBSCRIBED to
before me on this 16
day of May, 2000.

_____            James T. Doswell, III
NOTARY SIGNATURE                            MY COMMISSION # CC730331 EXPIRES
                                            May 9, 2002
                                            FAIN INSURANCE, INC.

                                            NOTARY STAMP

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing "Procedural Default" Traverse is being forwarded via U.S. Mail on this ___16___ day of May, 2000, to the following parties: (1) Office of the Attorney General, ATTN: Douglas J. Glaid, 110 SE 6th Street, 10th Floor, Fort Lauderdale, Fl 33301; (2) Federal Courthouse Square, ATTN: Magistrate Judge, Charles Sorrentino, 301 N. Miami Ave., Miami, Fl 33128-7788.

Respectfully submitted,

_____
Michael McCutcheon DC# 816168
Petitioner, Pro se
11119 S.W. County Road # 249
Jasper, Florida 32052