UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-Civ-SEITZ
MAGISTRATE JUDGE SORRENTINO

MICHAEL McCUTCHEON,                    :

        Petitioner,            :

v.                                     :          REPORT RE DISMISSAL
                                                  §2254 PETITION
MICHAEL W. MOORE,                      :          AS TIME BARRED

        Respondent.            :

_____

FILED by ____ D.C.
MAG. SEC.

SEP 1 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

This petition for writ of habeas corpus pursuant to 28 U.S.C.
§2254 was filed on December 28, 1999.[1]  The judgment of conviction
of robbery and battery in the underlying state criminal case, No.
95-21915 CF10A, entered in Broward County, became final on or about
August 27, 1998, ninety days after the opinion affirming those
convictions was issued at the conclusion of McCutcheon's direct
appeal.[2] McCutcheon v. State, 711 So.2d 1286 (Fla. 4 DCA 1998).

_____

[1]The Eleventh Circuit now recognizes the "mailbox" rule in
connection with the filing of a prisoner's petition for writ of
habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)
(prisoner's pleading is deemed filed when executed and delivered to
prison authorities for mailing). [DE 1 at 7]

[2]The Supreme Court has stated that a conviction is final when
a judgment of conviction has been rendered, the availability of
appeal exhausted, and the time for a petition for certiorari
elapsed or a petition for certiorari finally denied.  Griffith v.



Pursuant to 28 U.S.C. §2244, as amended on April 24, 1996, a one year period of limitations applies to a petition under §2254. The one year period runs from the latest of

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the

_____

Kentucky, 479 U.S. 314, 321, n.6 (1986). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

pertinent judgment or claim is pending shall not be counted toward any period of limitation under the statute.

In this case, since McCutcheon's convictions became final after April 24, 1996, the effective date of the foregoing provisions, he does not receive the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998).

The AEDPA's grace period is equitably tolled by properly-filed applications for state postconviction relief. Gunther v. Holt, 173 F.3d 1328 (11 Cir. 1999); see also, Lovascz v. Scig, 134 F.3d 146 (3 Cir. 1998); Hoogro v. Boone, 1998 WL 419727 (10 Cir. 1998); Miller v. New Jersey State Dep't of Corrections, 1998 WL 270110 (3 Cir. 1998). A "properly filed application" is one submitted in accordance with the state's procedural requirements. Webster v. Moore, 199 F.3d 1256 (11 Cir. 2000); Lovascz v. Scig, supra. When determining whether a state pleading is properly filed for purposes of the AEDPA, the court's inquiry should focus not on the merits of the petition, but rather on the petitioner's compliance with state procedural requirements, such as notice to the respondent, correct venue, and timeliness. Weekley v. Moore, 2000 WL 217493 (11 Cir. Feb 24, 2000); Lovascz, supra; Holloway v. Corcoran, 980 F.Supp.

3

160, 162 (D. Maryland 1997), citing Hughes v. Irvin, 967 F.Supp. 775, 778 (E.D.N.Y. 1997). Thus, a court considering whether the "tolling language" of the AEDPA applies must look to state law requirements.

In this case, after McCutcheon's convictions became final on August 27, 1998, he filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850. [DE 12, Ex.J][3] The state responded in opposition to the motion inter alia on the grounds that it was not signed under oath as required by Fla.R.Cr.P. 3.850, that three of the claims alleged were not cognizable in a Rule 3.850 proceeding, and that the fourth claim of ineffective assistance of trial counsel was facially insufficient because there was no allegation of prejudice. [DE 12, Ex.K] The motion was denied "for reasons stated in State's response" [DE 12, Ex.L], and that result was affirmed without written opinion, with the mandate issuing on February 26, 1999. McCutcheon v. State, 729 So.2d 938 (Fla. 4 DCA 1999)(table). [DE 12, Ex.M]

The respondent argues correctly that this postconviction proceeding did not act to toll the AEDPA limitations period,

_____

[3]Earlier, McCutcheon had submitted a petition for a state writ of habeas corpus [DE 12, Ex.H], which was summarily denied on August 18, 1998. [DE 12, Ex.I] Because that proceeding was completed prior to the date his convictions became final, it has no effect on the calculation of the timeliness of this federal petition.

because it was not "properly filed" pursuant to state law
requirements. As the trial court held, three of the four grounds
raised in that motion were not cognizable in a Rule 3.850
proceeding, and the motion was procedurally improper because it was
not filed under oath, as required by Fla.R.Cr.P. 3.850. Even if the
trial court's adoption of the state's argument that the ineffective
assistance of counsel claim was facially deficient could be
construed as a ruling on the merits of that claim, the motion as a
whole was still procedurally defaulted and not properly filed by
virtue of not being signed under oath. Alderman v. Zant, 22 F.3d
1541 (11 Cir. 1994)(where a state court rules in the alternative,
addressing both an independent state procedural ground and the
merits of a claim, a federal court should apply the state
procedural bar and decline to reach the merits).

Since sixteen months of untolled time elapsed between August
27, 1998, when McCutcheon's state convictions became final, and the
filing of this federal petition on December 28, 1999, this petition
is untimely pursuant to 28 U.S.C. §2244.

McCutcheon filed a traverse to the state's position on May 16,
2000. [DE 13] He argues essentially that the denial of his Rule
3.850 motion on the basis of its not being sworn should be
overlooked, because Florida law permits the dismissal without
prejudice of such procedurally defective pleadings. That may be

5

true but it is of no relevance here, because no properly-sworn Rule 3.850 motion was ever filed. In addition, McCutcheon overlooks the fact that three of the claims raised were procedurally defaulted for the additional reason that they were not cognizable in a Rule 3.850 proceeding, and the fourth was deemed facially insufficient.

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: *September 12, 2000*

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Michael McCutcheon, <u>pro se</u>
     #4816168
     Hamilton Correctional Institution
     P.O. Box 1360
     Jasper, FL 32052

     Douglas J. Glaid, AAG
     Department of Legal Affairs
     The 110 Tower, 10th Floor
     110 S.E. 6th Street
     Fort Lauderdale, FL 33301

6